SANDERS, SWANN & COMPANY *v.* ALLEN, adm'r, *et al.*

1. The verdict was plainly based on an erroneous theory as to the measure of the plaintiffs' damages, and the court below did right to grant a new trial.

2. Under the act approved December 21, 1897 (Acts 1897,.p. 53), the only circumstances under which the representative of a deceased person who is jointly sued with such representative will be disqualified from testifying as to transactions with his deceased codefendant are "when his evidence would tend to relieve or modify the liability of the party offered as a witness and tend to make the estate of said . . deceased party primarily liable for the debt or default."

3. Under the Civil Code, § 5269, par. 5, in order to render incompetent the evidence of an agent or attorney at law of a sane or surviving party as to transactions with the insane or deceased adverse party at interest, the agency or confidential relationship must have existed at the time of the transaction testified about.

Argued December 7, 1905.—Decided January 12, 1906.

Action on contract. Before Judge Kimsey. Hall superior court. August 14, 1905.

*Dean & Hobbs,* for plaintiffs. *H. H. Perry, Howard Thompson, G. H. Prior,* and *Parks & Gaillard,* for defendants.

CANDLER, J. This case comes up on exceptions to the second grant of a new trial. The suit was for damages from the breach of two contracts for the sale and future delivery of cotton; and the jury found for the plaintiffs the full amount sued for. The plaintiffs, besides excepting to the grant of a new trial, assign error upon their exceptions pendente lite to the rejection of certain evidence which will hereafter be mentioned.

1. We do not hesitate to rule that the grant of a new trial was proper., The amount of damage claimed by the plaintiffs was the difference between the contract price of the cotton and the price which they were compelled to pay for other cotton in order to fill contracts that they had made on the basis of their contracts with the defendants. It was not alleged or shown that the defendants had any notice that the cotton they contracted to sell the plaintiffs had been resold by them; and in the absence of such a showing no such basis of calculation could be used to compute their damages, the correct measure of damage being the difference between the contract price and the market price at the time the cotton should have been delivered. *Wappoo Mills* v. *Guano Co.,* 91 *Ga.* 396;

*Huggins* v. *Southeastern Lime Co.,* 121 *Ga.* 811. It is true that the defendants did not attack the petition by an appropriate special demurrer on account of this defect, and that there was no evidence to show what the market price of cotton was at the time stipulated for the delivery of that covered by the contracts sued on; but even so, the verdict for damages was plainly based on an erroneous theory of law, and had no legal foundation upon which to rest. It was therefore contrary to law, and was properly set aside by the trial judge.

2, 3. The second and third headnotes need no elaboration further than to say that the evidence offered by the plaintiffs should have been admitted. It did not appear that the evidence of Cooper would affect in any way his liability under the contracts sued on. The act of 1897, referred to in the second headnote, was primarily designed to prevent the party offered as a witness from deriving any advantage by giving testimony which his deceased codefendant could not contradict. This case did not fall within the provisions of that act. The other witness offered had formerly been an agent of Sanders, Swann & Company, but the agency had terminated at the time of the transactions testified about, and it appeared that he was not in any manner interested in the suit. His testimony should have been admitted.

*Judgment affirmed. All the Justices concur.*