25917. SMITH, executor *v.* SHERWOOD.

Decided March 4, 1937.

*Park & Strozier, Orville A. Park Jr.,* for plaintiff in error.
*Robert G. Plunkett, Cecil A. Baldwin,* contra.

Felton, J. 1. Where a wife turned a diamond ring over to her husband to sell for her, and he had his colored porter in his jewelry shop, who was not employed by the wife, to clean and polish the ring for the purpose of a sale, the porter was not such an agent for the wife as to render him incompetent to testify concerning transactions and communications between the husband and the alleged deceased purchaser of the ring, in a suit brought by the wife against the executor of the alleged purchaser for the purchase-price of the ring. *McCroskey* v. *Hamilton,* 108 *Ga.* 640, 643 (34 S. E. 111, 75 Am. St. R. 79).

2. The contention of the plaintiff in error, in the first special ground of his motion for new trial, that the husband was incompetent to testify as to transactions with the alleged purchaser of the ring, is not well taken, for the reason that as to most of the testimony it does not appear that the husband was the agent of

the wife at the time of the transactions testified about. Code, § 38-1603 (5); *Sanders* v. *Allen*, 124 *Ga.* 684 (52 S. E. 884). As to one statement in particular, namely, "Mr. Slappey saw that stone," this court can not say as a matter of law that the knowledge on which this statement is based was the result of a transaction or communication with the alleged deceased purchaser. Unless it is made clearly to appear whether or not the statement is based on such knowledge, it would be a question for the jury to decide, under proper instructions from the court, and if they found that it was based on such knowledge, the statement should be disregarded.

3. The second special ground of the motion for new trial is without merit, for the reason that it does not appear that the husband was agent for his wife at the time of the transactions testified to by him. *Sanders* v. *Allen*, supra.

4. The court erred in charging the jury as follows: "There is certain evidence in the record concerning a $33 item, a $65 item, with a credit thereon of $32, I believe, twelve sapphires of the value of $1.50 each, and a $100 item concerning platinum and perhaps other items. You will refer to the evidence and ascertain the truth as to this. Defendant contends that it was concerning these items or some of these, and not the $400 item sued on in this case, that Mr. Slappey was in Mr. Sherwood's store about, if he was in there at all. Plaintiff contends that the items first above mentioned have no connection with the $400 item which is the subject-matter of this suit. Plaintiff contends that the items first above mentioned involve entirely separate and independent transactions from the alleged $400 transaction. This evidence was allowed to go to you as circumstantial evidence in order that you may consider the same in connection with the contentions of both parties, and for the purpose of illustrating or tending to illustrate, if it does so illustrate or tend to illustrate, the truth of this case." This suit was for the purchase-price of one perfect white diamond, weighing 202 points. The plaintiff's evidence showed that the alleged purchaser bought that stone and at the same time contracted with the husband of the plaintiff for the other items mentioned in said charge, all of which, with the exception of the guard ring, were made up into one ring, and delivered to the purchaser. In his answer the defendant denied

the purchases of the stone and ring, denied that the purchaser was in the store of the husband of the plaintiff on the day the sale is alleged to have taken place, and contended that the jewelry store of the husband was in fact the wife's, and that as she had not registered the name under which her husband was doing business for her she had no right to maintain the suit. In support of this latter contention, defendant in the court below introduced in evidence a claim which the wife filed to the fixtures in the husband's jewelry store, the verdict finding the property not subject to levy and sale as the property of the husband under a previous levy, and a bill to the alleged purchaser, showing the husband as agent for the wife, as creditor, for the purchase-price of the white perfect diamond, and a bill to the purchaser showing the husband to be the creditor as to the other items mentioned in the charge. Since all the articles mentioned in the charge, except the guard ring, were a part of the one mounted ring, the purchaser could not have been in the store with reference to one without being in there with reference to the others. It is obvious that the purpose of the introduction of the bills was to sustain the contention that the business belonged to the wife and not to sustain a claim which was not made at all, namely, that the purchaser was in the store with reference to some parts of the ring but not there concerning other parts. The charge misstated the contentions of the defendant in the court below and tended to confuse the jury as to those contentions and as to the real issues in the case. It was therefore error to overrule the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*