29881. ERGLE *v.* DAVIDSON.

DECIDED MARCH 12, 1943.

*Starkey S. Flythe, W. K. Miller,* for plaintiff in error.
*Hammond, Kennedy & Yow,* contra.

STEPHENS, P. J. Mrs. J. F. Davidson brought suit against S. R. Ergle as the owner and operator of S. R. Ergle Beauty Shoppe in Augusta, in which she sought to recover damages on account of injuries to her scalp, consisting of burns which she claimed resulted from the negligence of the servants of the defendant in giving to her a permanent wave with an electric permanent-wave machine. The defendant denied liability. The jury returned a verdict in favor of the plaintiff for $192. The defendant's motion for new trial was overruled, and he excepted.

The plaintiff alleged that the defendant was negligent, through his servants who operated the machine, (1) in failing to properly wrap and fit the coils of the machine to the plaintiff's head; (2) in failing to properly encase these coils to prevent heated fluid and steam therefrom from escaping and burning the plaintiff's scalp; (3) in failing to properly encase such coils to prevent the heat from escaping and burning the plaintiff's scalp, and in failing and refusing to cut the machine off when the plaintiff complained that her scalp was being burned. On the trial evidence was introduced to the effect that while the plaintiff was being given a permanent wave, and this machine was fastened over her head, she felt that her head was being burned; that she thereupon promptly complained three times to the operators who were giving her the permanent wave, and told them to disconnect the machine, as her head was being burned; that these servants refused to do as requested, but instead used a cooler or blower for the purpose of reducing the heat; and that this was not successful, because either steam or hot liquid was escaping from the coils of the machine on to the plaintiff's head, and on the removal of the blower the burning recommenced. There was also evidence that this machine was of a kind

that if it was properly adjusted to a person's head, steam or heating fluid would not escape therefrom and burn the head of the person; and evidence which authorized a finding that the plaintiff's head was burned through the improper operation of the machine by the defendant's servants. There was no evidence that the machine itself was defective, and no evidence from which an inference to that effect could be properly drawn. The plaintiff did not charge that the machine itself was defective in any manner, as the result of which she was injured. However, the trial court gave to the jury the following charge: "The plaintiff contends, that she entered the business establishment of the defendant to have a permanent-wave service on her hair; that she was accepted as a customer by the Ergle Barber and Beauty Shoppe and S. R. Ergle; that they applied certain apparatus to her hair and head in a negligent manner; and that the apparatus failed to perform correctly, through either a defect on the part of the apparatus or negligence on the part of the operator, that caused her head to receive a severe burn, from which she has suffered physical pain and suffering and has been put to an expense for certain medical attention." The defendant contends that this charge was error, because there was no contention by the plaintiff, either in her petition or under the evidence, that the machine was defective and that her injuries were caused by a defect in the machine, but that the theory of the plaintiff's case was that the defendant's servants were negligent in the manner in which they applied this machine to her head, in the manner in which they operated the machine, and in refusing to turn the machine off when it commenced burning the plaintiff's head and she requested them to do so; and in trying to reduce the heat from the machine by a blower or cooler.

As a general rule a charge which misstates the contentions of the prevailing party, and tends to confuse the jury as to those contentions and as to the real issues in the case, in such a manner as would permit the prevailing party to recover on a contention not made by her, necessitates the grant of a new trial. *Smith* v. *Sherwood*, 55 *Ga. App.* 395, 396 (190 S. E. 205). The courts have frequently held that it is error for the court to instruct the jury to the effect that the plaintiff may recover on a contention not made by the plaintiff and not authorized under the evidence. *Ingram &c. Co.* v. *McAllister*, 62 *Ga. App.* 50 (7 S. E. 2d, 784); *Hendricks*

v. *Allen,* 128 *Ga.* 181 (57 S. E. 224) ; *Pollard* v. *Roberson,* 61 *Ga. App.* 465, 469 (12) (6 S. E. 2d, 203) ; *Thompson* v. *Lyon,* 64 *Ga. App.* 83, 90 (5) (12 S. E. 2d, 155). In our opinion it was error requiring the grant of a new trial for the court to instruct the jury to the effect that the plaintiff contended that her head had been burned because the permanent-wave machine failed to properly perform, and heating fluid or steam was permitted to escape while the machine was on her head, through either a defect on the part of the apparatus or negligence on the part of the operator, where there was no contention by the plaintiff that the machine was defective, thereby causing the steam to escape and burn her head, and where there was no evidence tending to show that the machine was defective, but where, on the contrary, it was contended by the plaintiff in her petition and under the evidence that she was injured as the result of the negligent operation of the machine by the defendant's servants.

There is no merit in the contention of the defendant that the judge erred in instructing the jury to the effect that the defendant would be liable for the negligence of his servants in the operation of·the machine. Such instruction did not have the effect, as contended by the defendant, of permitting the jury to find the defendant liable for "any" negligence of his servants whether in the scope of their work for the defendant or not.

A verdict for the plaintiff was not demanded as a matter of law. On account of the erroneous instruction to the jury complained of, it was error for the judge not to grant a new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*