40286.   MATTHEWS v. SMITH.

DECIDED FEBRUARY 28, 1964—REHEARING DENIED APRIL 2, 1964.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Warner R. Wilson, Jr.,* for plaintiff in error.

*Merritt & Pruitt, Glyndon C. Pruitt,* contra.·

NICHOLS, Presiding Judge. This was a damage suit brought by Mary Ann Smith against Marvin Matthews to recover for personal injuries sustained by her when the automobile which she was driving and which had been slowed or stopped in the highway preparatory to making a left turn was struck from the rear by an automobile driven by the defendant. In her petition the plaintiff charged the defendant with negligence in failing to have his automobile under immediate control; in failing to keep a vigilant lookout ahead; in driving it along the highway at a speed greater than was reasonable and prudent under the existing conditions, having regard to the actual and potential hazards then existing; in failing to control the speed of· his automobile so as to avoid colliding with the rear of petitioner's automobile; in driving it at the speed of 65 miles per hour, and in driving his automobile more closely to the rear of plaintiff's automobile than was reasonable and prudent under the circumstances. The jury returned a verdict for the plaintiff for $15,000. The defendant's motion for a new trial on the general grounds and on four special grounds was overruled, and the exception here is to that judgment. The plaintiff in error has expressly abandoned the general grounds. The four special grounds all assign error on portions of the charge.

1. It is fundamental that, in considering assignments of error on the charge, the court should look to the entire charge, for while it may seem to be erroneous when torn to pieces and scattered in disjointed fragments, it may, when considered in its en.tirety, be perfectly sound. *Brown v. Matthews,* 79 Ga. 1, 7 (1) (4 SE 13). Upon application of this well settled principle of law it is clear that the portions of the charge excepted to in the first special ground,· numbered. 4, and the third special ground, numbered 6, of the amended motion for new trial do not constitute harmful or reversible error. In the first special ground, numbered 4, the defendant contends that the court erred in charging the jury that the plaintiff contended "she slowed or brought her car· to a stop"· on the ground that it was a misstatement of the contentions of the plaintiff in that she nowhere alleged in her

petition that she slowed her car. It is true that the plaintiff did not allege in her petition that she slowed her automobile but merely alleged that, as she was approaching the spot where she intended making a left turn, she signaled her intention by extending her left hand and operating her blinker lights and "brought her said automobile to a stop, preparatory to making said left turn." On cross examination defendant's counsel elicited from plaintiff an admission or statement that she had not come to a complete stop at the time defendant's automobile struck the rear of her automobile. The court elsewhere did instruct the jury that they would have the pleadings out with them when they retired to consider the case, and that it was their privilege as well as their duty to read the pleadings so that they might determine for themselves the contentions of the parties. This portion of the charge was not such an incorrect statement of the contentions of the plaintiff as to constitute harmful or reversible error under all the circumstances of the case. *Seaboard Air-Line R. Co. v. Benton,* 43 Ga. App. 495, 500 (8) (159 SE 717).

The third special ground, numbered 6, of the amended motion for new trial assigns error because the court instructed the jury as follows: "The defendant further contends that even if there was negligence on the part of the defendant creating some liability of the defendant, that there was some negligence on the part of the plaintiff that requires a reduction in the amount of plaintiff's damages." The error assigned on this portion of the court's charge is that it was a misstatement of the defendant's contentions, in that the defendant did not contend that he was negligent in a greater degree than was the plaintiff, and that the court, in so charging, implied that the defendant admitted liability for some amount in his pleadings and thereby authorized the jury to award damages to the plaintiff based on the pleadings. Although the excerpt from the charge objected to was inapt, and, when taken alone and out of context could conceivably have been harmful to the defendant, based on the charge as a whole and viewed in the light of the defendant's pleadings we do not think this special ground meritorious. While the defendant did not make the specific contention embraced in the excerpt of the charge objected to, he clearly contended and relied upon the comparative negligence doctrine as one of his defenses.

Under this defense, he admits his own negligence but contends the plaintiff's negligence was equal to or greater than his own, thereby opening the way for the jury to determine the degree of plaintiff's negligence. Once this is done, the jury might determine that the plaintiff, while negligent, was so to a lesser degree than the defendant. This is a chance the defendant must hazard when he relies upon the comparative negligence doctrine. Clearly under the evidence and the pleadings in this case, the court was correct in charging the full law of comparative negligence, as it did, and while inaptly stating that the defendant made a specific contention as charged, the question was properly before the jury and we cannot say that the charge on this point, when taken in its entirety, was so confusing and misleading as to require a new trial.

The cases of *McJenkin Ins. &c. Co. v. Thompson*, 79 Ga. App. 473 (54 SE2d 336) and *Southern R. Co. v. Thompson*, 129 Ga. 367 (58 SE 1044), cited in plaintiff in error's brief, are premised on the conclusion that the erroneously stated contentions placed a heavier burden upon the defendant than he assumed in the defense of his case. This is not so in the case sub judice for under the defendant's contention he assumed the burden of showing the plaintiff's negligence to be equal to or greater than his own. If the plaintiff's negligence was in fact less than his own, his burden was made easier. The lesser contention as stated by the court therefore was included in the burden which had been assumed by the defendant. Accordingly, the trial court did not err in overruling this special ground of the defendant's amended motion for new trial.

2. The assignments of error in the second special ground, numbered 5, and special ground numbered 7, of the amended motion for new trial are without merit and the trial court did not err in overruling same.

*Judgment affirmed. Russell, J., concurs. Felton, C. J., Jordan and Hall, JJ., concur specially. Bell, P. J., and Eberhardt, J., dissent. Frankum and Pannell, JJ., dissent in part.*

FELTON, Chief Judge, concurring specially as to Division 1 of the opinion. Special ground 3 assigns error on the following excerpt from the charge of the court: "The defendant further contends that even if there was negligence on the part of the

defendant creating some liability of the defendant, that there was some negligence on the part of the plaintiff that requires a reduction in the amount of plaintiff's damages." The sole assignment of error is that the charge implied that the defendant *admitted liability* for some amount. There is no merit in this assignment of error because under no reasonable construction of the excerpt can it be said that it meant that the defendant admitted liability in some amount, which would mean an admission that the defendant was guilty of more than 50% of the negligence proximately causing the injuries. The charge of the court that the defendant further contends that *even if there was negligence* on the part of the defendant, etc.—can mean no more than that the defendant contended *that there was enough evidence* to authorize the jury to find that the defendant was guilty of more than 50% of the total negligence. Such an interpretation is a far cry from telling the jury that the defendant admitted negligence of more than 50% of the total. There was no assignment of error on the excerpt on the real and true meaning of the excerpt or on the error contained in the excerpt, plus the conflict in the charge as to the defendant's actual contention and the erroneous contention stated in the excerpt. Since the assignment of error is restricted solely to an erroneous construction of the excerpt it is without merit. I concur in the judgment of affirmance.

JORDAN, Judge, concurring specially. While I agree with Division 1 of the opinion, I disagree with that part of Division 2 which holds that special ground 7 of the amended motion is without merit. However, being bound by the majority opinion of this court in *Dowis v. McCurdy*, ante, I must concur in the judgment of affirmance.

I am authorized to say that Judge Hall joins in this special concurrence.

FRANKUM, Judge, dissenting in part. I dissent from that portion of Division 1 of the majority opinion which holds that special ground 3 of the amended motion for a new trial does not show harmful or reversible error and from the judgment of affirmance. The portion of the charge excepted to in ground 3 was clearly a misstatement of the defendant's contentions. In his answer, after denying the material allegations of the plain-

tiff's petition, the defendant alleged four defensive contentions: first, that the plaintiff's injuries resulted solely from her own failure to exercise ordinary care; second, that if the plaintiff had exercised ordinary care, she could have avoided the consequences of his negligence, if any; third, that the plaintiff's negligence was equal to or greater than the negligence of the defendant, if any; and finally, that he was not negligent in any of the particulars claimed in the plaintiff's petition. Nowhere did he concede in his pleadings or in his evidence that he was negligent in a degree greater than the plaintiff was, or that the jury would be authorized to find that he was guilty of such negligence as to create some liability to the plaintiff on his part. It is true that in his pleadings, as set forth above, he did invoke the application of the comparative negligence rule, but the court was not, in the portion of the charge assigned as error in this ground of the motion, charging the law with respect to comparative negligence but was stating the contentions of the defendant. The defendant was entitled to have his contentions correctly stated and to have the case tried upon the defenses which he elected to assert, and he should not, by the charge of the court, have been placed in the attitude of making a contention which he did not make and thus placed in an incorrect and unfavorable position which probably tended to discredit his position as to the contentions which he did make. Under the rulings in *Southern R. Co. v. Thompson,* 129 Ga. 367, 368 (1) (58 SE 1044), *Smith v. Sherwood,* 55 Ga. App. 395, 396 (4) (190 SE 205), *Ergle v. Davidson,* 69 Ga. App. 102 (24 SE2d 810), and *McJenkin Ins. &c. Co. v. Thompson,* 79 Ga. App. 473, 475 (54 SE2d 336), this proposition was directly applicable under the facts of this case to the charge complained of in special ground 3. I do not think that the jury could have understood this portion of the charge as saying to them anything other than that the defendant had conceded that the evidence authorized them to find against him in some amount, and since he did not make this concession, the charge was necessarily harmful to him. I think that the assignment of error contained in the motion for a new trial sufficiently raises this point, and that the contentions of the plaintiff in error which clearly raise this point ought not to be rejected on purely technical grounds as held in the special concurrence of Chief Judge Felton.

I am authorized to say that Presiding Judge Bell and Judges Eberhardt and Pannell concur in this dissent.

EBERHARDT, Judge, dissenting. In addition to the reasons asserted by Judge Frankum in his dissent, with which I concur, I dissent from so much of Division 2 of the majority opinion holding that special ground 7 of the amended motion for new trial is without merit. In that ground plaintiff in error excepts to the charge that "If she [plaintiff] proves by the evidence that the defendant committed one or more of such allegations of negligence, this would be sufficient insofar as proof of negligence is concerned." It is the same charge dealt with in *Dowis v. McCurdy*, ante, and for the reasons set forth in my dissent in that case I dissent here.

I am authorized to say that Presiding Judge Bell concurs in this dissent.