## 56250. STEIN STEEL & SUPPLY COMPANY v. FRANCO.

McMURRAY, Judge.

Stein Steel & Supply Company sued A. M. Franco, a registered professional engineer in the State of Georgia and certain other states, for certain services he had rendered to others as a professional engineer when he was allegedly employed full time by the plaintiff as an engineer, later as its agent and senior vice-president. Plaintiff contends that Franco had received payment from customers of Stein, as well as its potential customers for the rendition of certain services by defendant Franco for which he was employed and paid by the plaintiff to perform for such customers of Stein. Certain equitable relief, including the appointment of an auditor and an

accounting for the alleged secret profits obtained by the defendant were also sought, as well as the damage which the plaintiff had suffered by reason of the secret profits gained by the defendant though the violation of his duties owed to the plaintiff.

Defendant answered, acknowledging that while he was a senior vice-president of plaintiff he had been operating for over 12 years as "A. M. Franco Engineers," and asserted that he was neither an employee nor representative of plaintiff and his relationship with plaintiff was that of a consulting engineer. Additionally, he denied the claim.

A temporary injunction was granted after a hearing, and the defendant appealed the grant of same including an appeal from other rulings in the case. See *Franco v. Stein Steel & Supply Co.,* 227 Ga. 92 (179 SE2d 88). Reference is here made to the report of that case (wherein the trial court was affirmed) for a more complete description of the various and sundry issues which were in the case when reviewed by the Supreme Court.

The case proceeded to trial before a jury based upon a pre-trial order. The issues have been narrowed to merely one of damages for monies wrongfully received by the defendant for the performance of services of the nature that he was employed by the plaintiff to perform while an alleged employee and officer of plaintiff; a reimbursement for any expenses charged by the defendant to the plaintiff while he was performing work for his own benefit, whatever the nature of such work; and for punitive damages as authorized by the evidence.

Special verdicts were submitted to the jury in the form of a yes or no answer to the question as to whether or not the defendant "within the scope of his employment and agency or by using the resources of [plaintiff], made 'secret profits' which he should account for?" The jury answered in the negative to this question; consequently it found the answer to the second question to be zero dollars as the dollar amount of those profits. Whereupon the jury found for the defendant, and the judgment followed the verdict. A motion for new trial was filed, amended and denied. Plaintiff appeals. *Held:*

1. Plaintiff's first contention is that the trial court erred in giving in the court's charge defendant's written request that in this case the plaintiff was contending that it had no knowledge that the defendant was operating a separate business in his own name as an engineering consulting firm, but "that notice to any corporate officer of the plaintiff, other than the defendant himself, would be notice to the corporation, whether he was president or vice-president." See Code § 4-309 as to notice to the principal whenever the agent is given notice.

Counsel for plaintiff has offered no case directly in point but contends that the charge as given was erroneous and misleading and was not thereafter cured by any other correct statement of the law by the court in the charge. Plaintiff thus contends that the charge as given misstated the law of disclosure and expressed corporate consent or authorization in direct conflict with the issue here involved, that is, the breach or discharge of the fiduciary duties owed to the corporation by the corporation's officers and directors, including the defendant.

However, one of the issues here was as to the existence of knowledge on the part of the corporation that defendant was operating a separate independent business. Plaintiff offered testimony of its officers that they had no knowledge that he was operating independently as an engineering consultant. Conversely, the defendant and others testified that officers of the corporation had knowledge that he was operating an independent consulting service, that same was not within the scope of what he had been hired to do for the plaintiff, nor was it in competition with them, nor did his activities result in any injury to the plaintiff but that same had been disclosed to the plaintiff and even agreed upon.

The charge was a correct statement of the law that knowledge of officers of a corporation is knowledge to that corporation and the corporation is bound thereby. *Guarantee Co. of N. A. v. East Rome Town Co.,* 96 Ga. 511 (3), 514 (23 SE 503); *City of Elberton v. Pearle Cotton Mills,* 123 Ga. 1 (3), 3 (50 SE 977). In view of the pleadings, the pre-trial order, and the evidence, the charge as given was not a material misstatement of the law in applying same to the facts. See *Matthews v. Smith,* 109 Ga. App. 504, 505

(1) (136 SE2d 457); *Murphy v. Fuller,* 96 Ga. App. 403, 404 (5) (100 SE2d 137). We find no merit in this complaint which would require a new trial.

2. The remaining argument before the court made by the plaintiff is that the trial court erred in refusing to charge the jury in accordance with one of its written requests with reference to the duty of an agent to place his principal in full possession of all facts bearing on any personal interest in relations of the agent toward the subject of the contract and the other party to the transaction. However, when given a suitable opportunity by the court to make objections as required in Code Ann. §70-207 (Ga. L. 1968, pp. 1072, 1078) no objection was made to the failure to instruct the jury, hence plaintiff cannot now complain as to the failure to give this charge. *Maynard v. Readdick,* 128 Ga. App. 368 (1) (196 SE2d 688); *Stubbs v. Daughtry,* 115 Ga. App. 22 (5) (153 SE2d 633); *Biddinger v. Fletcher,* 116 Ga. App. 532 (3) (157 SE2d 764); *Kennesaw Life &c. Ins. Co. v. Hall,* 147 Ga. App. 221 (2). Further, the procedure authorized by *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (2), 15 (195 SE2d 417), was not followed so as to preserve the objection made anywhere else during the trial. Under the circumstances the charge as given by the court on agency comprising some four pages of the charge was sufficient under the issues made. We find no merit in this complaint.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED NOVEMBER 2, 1978 — REHEARING DENIED NOVEMBER 22, 1978 —

*Richard C. Freeman, III,* for appellant.
*Saul Blau, Nathan Blau,* for appellee.