A98A2388. BROWN et al. v. COOPER et al.
(514 SE2d 857)

RUFFIN, Judge.

Frances Brown, Roosevelt Warren, Jerome Buford, Carolyn Buford, and Geneva Watkins sued Edgar Cooper (individually and as administrator of the estate of Dorothy Cooper), Leisure Care, Inc., and Lee & Denise, Inc., seeking to set aside an allegedly fraudulent conveyance from Lee & Denise to Leisure Care and asserting claims for breach of contract and unjust enrichment. The trial court granted defendants' motion for summary judgment on all counts of plaintiffs' complaint, and plaintiffs appeal. For reasons discussed below, we affirm in part and reverse in part.

As an initial matter, we note that plaintiffs have failed to comply with Court of Appeals Rule 27 (c) (1). Although plaintiffs enumerate seven errors, the argument section of their brief does not address these enumerations separately. See Court of Appeals Rule 27 (c) (1).

> Rule 27 (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, [plaintiffs have] hindered the Court's review of [their] assertions and [have] risked the possibility that certain enumerations will not be addressed. Accordingly, to the extent that we are able to discern which of the enumerations are supported in the brief by citation of authority or argument, we will address those enumerations. Pursuant to Court of Appeals Rule 27 (c) (2), however, all other enumerations will be treated as abandoned.

*John Crane, Inc. v. Wommack*, 227 Ga. App. 538 (1) (489 SE2d 527) (1997). We now turn to the merits of the case.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard

of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Geneva Watkins and Dorothy Cooper were secretary and president, respectively, and sole shareholders of Lee & Denise, a corporation which built and sold personal care homes. Plaintiffs and defendants Dorothy and Edgar Cooper were among the investors in a personal care home built by Lee & Denise in Jackson, Georgia. In return for their investments, plaintiffs were promised that when the home was sold, they would be repaid their investments, plus 25 percent interest. With respect to one of the plaintiffs, Francis Brown, Lee & Denise executed a promissory note in favor of Brown in the amount of $50,000, payable after the "sell date of Leisure Living of Jackson, Ga." with interest "from June 16, 1988 until sell date at the rate of 25 per cent. per annum."

On March 9, 1989, Lee & Denise sold the Jackson home and paid its investors their accrued interest. The plaintiffs elected to roll over the principal they were owed into a personal care home Lee & Denise was building in LaGrange, Georgia. Lee & Denise promised to repay plaintiffs their investments, with interest, upon the sale of the LaGrange property.

On October 26, 1990, Lee & Denise sold the LaGrange property for $880,000 to Leisure Care, a corporation owned by Dorothy and Edgar Cooper. Edgar testified that in purchasing the property, he and Dorothy (1) assumed a $420,000 loan on the property and (2) applied approximately $340,000 they were owed from their investments in the Jackson and LaGrange homes against the purchase price. Edgar admitted that these figures did "[n]ot quite" add up to the $880,000 purchase price. Lee & Denise did not repay its investors the amounts they were owed upon the sale of the LaGrange property, and Leisure Care did not pay Lee & Denise the full purchase price.

On October 30, 1996, more than six years after the sale, plaintiffs sued, seeking to set aside the conveyance from Lee & Denise to Leisure Care, and asserting claims for breach of contract and unjust enrichment against the Coopers and Leisure Care. Defendants moved for summary judgment on all counts, which the trial court granted. We address each count of plaintiffs' complaint in turn.

1. *Express contract claim.* Plaintiffs assert a claim for breach of contract against Edgar and Dorothy Cooper, alleging that the Coopers promised to pay them the funds that they had invested in the LaGrange personal care home. Plaintiffs assert in their brief that

"[t]his agreement was not made to them orally by Edgar and Dorothy Cooper, . . . but was in writing." However, plaintiffs point to no evidence whatsoever that the Coopers in fact entered into such a written agreement with plaintiffs. Indeed, the portion of the record that plaintiffs cite to in support of this claim consists simply of a corporate resolution of Lee & Denise authorizing the sale and a corporate resolution of Leisure Care authorizing the purchase of the LaGrange property. Nothing in these documents reflects an agreement by the Coopers to pay anything to plaintiffs. Moreover, plaintiffs' own appellate brief indicates that the Coopers did not enter into any such agreement with the plaintiffs; rather, the brief states that "[the Coopers] were to pay $880,000.00 to Lee & Denise for the personal care home and then Lee & Denise would pay them their investment." Thus, plaintiffs' brief admits that any claim they might have for repayment of their investments is against Lee & Denise, not against the Coopers. Accordingly, the trial court did not err in granting summary judgment to the Coopers on plaintiffs' claim for breach of contract.[1]

2. *Claim for unjust enrichment.* Plaintiffs claim that, even in the absence of an express contract, Leisure Care and the Coopers should be liable to them under the theory of unjust enrichment. Plaintiffs make no argument in support of this theory, other than to point out that Leisure Care "agreed to purchase the [LaGrange] home for $880,000.00 . . . [but] only paid $699,250.00 of the purchase price." While this failure to pay the full purchase price might be grounds for a breach of contract action by Lee & Denise, plaintiffs make no argument as to how they, as creditors of Lee & Denise, can assert a claim for unjust enrichment against Leisure Care or the Coopers.

> The theory of unjust enrichment applies when as a matter of fact there is no legal contract . . . but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for.

*Regional Pacesetters v. Halpern Enterprises,* 165 Ga. App. 777, 782 (2) (300 SE2d 180) (1983). To the extent that Leisure Care and the Coopers were "conferred a benefit" as a result of the LaGrange home sale, the benefit was conferred by Lee & Denise, not by plaintiffs. Although plaintiffs might have had a contractual right to be paid certain amounts by Lee & Denise in the event of such sale, they do not show how they can assert a claim directly against Leisure Care and

---

[1] We do not address any possible claim for breach of an oral agreement, since plaintiffs disclaim the existence of such an agreement.

the Coopers for unjust enrichment. Accordingly, the trial court did not err in granting summary judgment on this claim.

3. After defendants filed their motion for summary judgment, Brown filed an amendment to the complaint to add the following allegation: "Dorothy W. Cooper and Lee & Denise, Inc. executed a Note dated June 16, 1988 in favor of Frances W. Brown for $50,000.00 agreeing to repay the monies at 25% interest per year. Additionally, Edgar and Dorothy Cooper personally endorsed the Note on the back thereof agreeing to pay the interest as due until paid." Although Brown did not expressly assert a separate claim under the promissory note, the trial court treated the promissory note as a separate basis for recovery, and held that Brown's claim thereunder was barred by the six-year statute of limitation for actions on contracts set forth in OCGA § 9-3-24.[2]

On appeal, Brown contends that the trial court erred in granting summary judgment on her claim against Lee & Denise and Dorothy Cooper because the promissory note was under seal and thus subject to a 20-year statute of limitation.[3] We agree.

"Actions upon . . . instruments under seal shall be brought within 20 years after the right of action has accrued. No instrument shall be considered under seal unless so recited in the body of the instrument." OCGA § 9-3-23. "In order to render a promissory note a sealed instrument, the intention to execute it as such must appear both in the body of the instrument and after the signature." *Johnson v. Intl. Agricultural Corp.*, 41 Ga. App. 740 (154 SE 465) (1930).

The body of the note begins with "Lee & Denise Corp. & Dorothy Cooper . . . promise to pay to Frances W. Brown . . . fifty thousand . . . dollars" and concludes with "Witness ____ hand and seal the day and year above written." Underneath the word "written" is a signature line containing Dorothy Cooper's handwritten signature, as follows: "Lee & Denise Corp./Dorothy W. Cooper Pres. L. S."

The Supreme Court has held that the combination of the words "Witness my hand and seal" in the body of the note and the letters "L. S." following the maker's signature renders the note a sealed instrument. *Hixon v. Woodall*, 246 Ga. 758 (272 SE2d 727) (1980). Here, the words "Witness ____ hand and seal" are found in the body of the note, and Cooper's signature is followed by the letters "L. S."

---

[2] To the extent that the trial court treated Brown's claim under the promissory note as a separate and independent claim, it is questionable whether it should have included such claim in ruling on defendants' summary judgment motion, since the motion did not specifically address such claim. See *Thompson v. Hurt*, 159 Ga. App. 656, 658 (3) (284 SE2d 671) (1981). However, Brown has not raised this issue on appeal, but simply contests the merits of the trial court's ruling.

[3] Brown does not argue on appeal that she has any claim under the promissory note against Edgar Cooper. Accordingly, we do not consider that issue here.

Although the word "my" is not written in the blank, the blank was obviously meant to be filled with either the singular "my" or the plural "our," depending on the number of makers. Given that the letters "L. S." appear after Dorothy Cooper's signature, it is clear that the phrase was intended to apply to her signature. Although the note also contains blank signature lines for witnesses, it is apparent that the words "Witness [my/our] hand and seal" were intended to refer to the makers, since only the signature lines for the makers contain a preprinted "L. S." Therefore, we hold that the "combination of these words with the letters 'L. S.' following the signature of the maker, renders the note a sealed instrument." *Hixon*, supra. Accordingly, the trial court erred in applying the six-year statute of limitation.[4]

4. Plaintiffs contend that the trial court erred in granting summary judgment to defendants on plaintiffs' claim to set aside the transfer of the LaGrange home to Leisure Care as a fraudulent conveyance. We agree.

OCGA § 18-2-22 (2) provides that a debtor's conveyance of realty "shall be fraudulent in law against creditors and others and as to them shall be null and void" when it is "made with intention to delay or defraud creditors, where such intention is known to the taking party."

> A party relying on this subsection must establish two elements: (1) the requisite intent of the grantor and (2) grantee's knowledge of grantor's intent. . . . The second element may be established either by proof of actual knowledge or by proof of circumstances sufficient to put grantee on inquiry.

*Stokes v. McRae*, 247 Ga. 658, 659 (2) (278 SE2d 393) (1981). "It is well-established that whether a deed was made with the intent to delay or defraud creditors is a question of fact for the jury to decide from all the circumstances of the case." *Goodman v. Lewis*, 247 Ga. 605, 606 (1) (277 SE2d 908) (1981).

Plaintiffs contend that Dorothy Cooper, as president of Lee & Denise, and her husband Edgar Cooper, as president of Leisure Care, negotiated the sale of the LaGrange property to Leisure Care for the amount of $880,000, although the Coopers knew they would not pay this amount. According to plaintiffs, "[t]his promise to pay was made solely for the purpose of obtaining the referenced deed with no intention of paying the money."

As an initial matter, we note the relationships between the

---

[4] We do not address whether summary judgment on the promissory note would have been proper for any other reason.

transacting parties. Dorothy Cooper and Geneva Watkins, as sole shareholders of the grantor, Lee & Denise, were sisters-in-law; Dorothy and Edgar Cooper, as sole shareholders of the grantee, Leisure Care, were husband and wife. Thus, we have (1) a wife and husband on opposite sides of the transaction; (2) a sister-in-law and brother-in-law on opposite sides of the transaction; and (3) a single person, Dorothy, on both sides of the transaction. "Transactions between near relatives, as [in-laws], are to be scanned with care and scrutinized closely, and slight evidence of fraud between them may be sufficient to set aside the transaction." *Hilburn v. Hightower*, 178 Ga. 534 (3) (173 SE 389) (1933). It stands to reason that transactions where one person is on both sides should be even more closely scrutinized.

Clearly, Dorothy and Geneva, as sole officers and shareholders of Lee & Denise, were aware of the investors' interests in the LaGrange property. Geneva testified that the investors all decided to roll over their investments from the Jackson home into the LaGrange venture with the understanding that they would be repaid their investments, plus 25 percent interest upon its sale. Geneva testified that Dorothy agreed to take care of the investors' interests after the sale, and that the entire transaction "was all done on trust."

Edgar Cooper testified that he and Dorothy agreed with Geneva and her husband, who is not a party to the suit, that in purchasing the LaGrange home, Edgar and Dorothy would take over Lee & Denise's loan at First Atlanta Bank. According to Edgar, Geneva's husband told him that if the Coopers agreed to forgive Lee & Denise's debt that it owed them from the Jackson and LaGrange homes (approximately $340,000), the Coopers could become owners of the LaGrange home. Edgar also testified that Leisure Care was formed in order to purchase the property.

We believe that a jury could infer from these facts that the parties to the sale, both grantor and grantee, knew of plaintiffs' investments, but worked a deal whereby (1) the LaGrange property would be transferred to Leisure Care, thus allowing Dorothy and Edgar Cooper to retain their interest in the property free of any claims by the investors; (2) Dorothy and Edgar would not pay any cash to Lee & Denise, but would be credited the approximately $340,000 that Lee & Denise owed them for their investments, thus preferring them to other creditors; and (3) Lee & Denise would have no assets left to pay its creditors, the plaintiffs. Thus, the jury could conclude that the transfer of the LaGrange home was part of a scheme to defraud Lee & Denise's creditors while allowing the Coopers to retain effective ownership of the property.

Although the defendants point out that one of the plaintiffs, Geneva Watkins, approved the sale in her capacity as secretary and

50 percent shareholder of Lee & Denise, this does not as a matter of law preclude the other plaintiffs, as creditors, from maintaining a fraudulent conveyance action. To the extent that the jury believes Dorothy Cooper, as president of Lee & Denise, possessed the requisite fraudulent intent, it would be authorized to conclude that the corporation itself had fraudulent intent, notwithstanding the participation of another subordinate officer in the transaction. "[K]nowledge of officers of a corporation is knowledge to that corporation and the corporation is bound thereby." *Stein Steel &c. Co. v. Franco*, 148 Ga. App. 186, 188 (1) (251 SE2d 74) (1978). The jury could infer from Geneva's testimony that Dorothy misled her into believing that Leisure Care would pay the entire purchase price and that the investors would be paid upon the sale, although Dorothy, as president of Lee & Denise and owner of Leisure Care, knew that Lee & Denise would not receive sufficient funds to pay the investors.

Accordingly, the trial court erred in granting defendants' motion for summary judgment on this issue.

5. Defendants' motion for summary judgment with respect to plaintiffs' claims for attorney fees and punitive damages was based solely on defendants' argument that the underlying claims were groundless. In its summary judgment order, the trial court did not expressly rule on the claims for attorney fees and punitive damages, although it purported to grant defendants' motion for summary judgment in its entirety. To the extent that the trial court granted summary judgment on the attorney fees and punitive damages claims because of its ruling that the underlying claims lacked merit, its ruling must be reversed due to our holdings above.

*Judgment affirmed in part and reversed in part. Pope, P. J., concurs. Beasley, P. J., concurs in the judgment only.*

DECIDED MARCH 17, 1999 —
RECONSIDERATION DENIED MARCH 30, 1999 — ▮

*Roy N. Cowart*, for appellants.
*Martin, Snow, Grant & Napier, John T. McGoldrick, Jr.*, for appellees.