## A05A2224. JACKSON v. THE STATE.
### (624 SE2d 270)

MILLER, Judge.

After a bench trial, Nicholas Jackson was convicted of cocaine possession. He now appeals on the ground that the trial court erred in denying his motion for a directed verdict of acquittal. We affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed that police obtained a search warrant for an apartment leased to Jackson's sister where they had made controlled cocaine buys in the past. On entering, police found Jackson, Keterrick Wilcox and four other men in the living room and another man, who was bagging marijuana, in the kitchen. A search revealed just under 50 grams of cocaine on a bedroom closet shelf as well as a small amount of cocaine on the floor of the living room. This latter amount was recovered when Wilcox, who had been lying on the floor in front of the television, rolled over. Police found a key to the apartment and $346 in cash on Jackson, who gave a false name at the scene. Two guns and drug scales were also recovered from the apartment.

After a bench trial, Jackson was convicted of possession of cocaine with intent to distribute. He was sentenced to five years in prison with thirty months to serve. On appeal, Jackson contends that the trial court erred in denying his motion for a directed verdict of acquittal.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Our methods are the same "whether the challenge arises from the over-ruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

A conviction based solely upon circumstantial evidence must be supported by facts which not only are consistent with the guilt of the accused, but exclude every reasonable hypothesis save that of guilt. *Thomas v. State*, 262 Ga. App. 492, 494 (1) (589 SE2d 243) (2003); *Chung v. State*, 240 Ga. App. 394, 395 (1) (523 SE2d 615) (1999). This does not mean that the State must exclude every possible hypothesis showing innocence, but that it must do so as to any *reasonable* hypothesis showing innocence. The question whether a hypothesis of innocence is reasonable is a question for the trier of fact. *Chung*, supra, 240 Ga. App. at 396 (1); *Harris v. State*, 236 Ga. 242, 245 (1) (223 SE2d 643) (1976).

Here, the evidence suggesting Jackson's constructive possession of the cocaine was not limited to his presence in the room where it was found, but included (1) his actual possession of a key to the apartment and $346 in cash; (2) Wilcox's testimony that he and Jackson were partners in the drug trade; and (3) Jackson giving a false name. In evaluating this evidence, the trial court was free to determine that the cocaine found in the apartment was Jackson's. See *Ellison v. State*, 233 Ga. App. 637, 639-640 (2) (504 SE2d 779) (1998). Giving a false name was also evidence of Jackson's consciousness of guilt. See *Turntime v. State*, 206 Ga. App. 226, 227 (1) (424 SE2d 877) (1992). Thus the evidence was sufficient to support the verdict and to justify the denial of Jackson's motion for directed verdict. See *Blaise v. State*, 185 Ga. App. 653, 654 (1) (365 SE2d 499) (1988); *Lowe v. State*, 223 Ga. App. 172, 173 (477 SE2d 341) (1996).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 6, 2005.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.

