A10A1491. McCOMBS v. THE STATE.
(701 SE2d 496)

BARNES, Presiding Judge.

Shedrick D. McCombs appeals his conviction for trafficking in cocaine, possession of methylenedioxyamphetamine, and possession of less than one ounce of marijuana. He was sentenced to twenty-five years, twenty in custody followed by five years of probation.[1] Following the denial of his motion for new trial, McCombs appeals, contending the evidence is insufficient to sustain a conviction because the evidence presented does not exclude every other reasonable hypothesis but his guilt. He also contends that the jury instruction allowing a guilty verdict based on an "aider and abettor" theory denied him due process of law. Finding no error, we affirm.

1. As a threshold matter, we note that McCombs has failed to comply with Court of Appeals Rule 25 (c) (1), which requires that the sequence of arguments in a brief follow the order of the enumeration of errors and be numbered accordingly. McCombs includes three enumerations of error, but only two argument sections. Moreover, the arguments do not coincide with the numbered enumerations, and do not follow the order of the enumerations. As we have previously held,

> Rule [(25)] (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, [McCombs has] hindered the Court's review of [his] asser-

---

[1] Although McCombs was also convicted of obstruction of an officer and a tag light maintenance violation, he has not contested those convictions on appeal.

tions and [has] risked the possibility that certain enumerations will not be addressed.

*Brown v. Cooper*, 237 Ga. App. 348 (514 SE2d 857) (1999). However, to the extent that we are able to discern which enumerations are supported in the brief by citation of authority or argument, we will address those enumerations.

2. McCombs contends the evidence was insufficient to sustain his convictions because the only evidence linking him to the drugs is the testimony of one deputy that was contradicted by his partner. When reviewing a defendant's challenge to the sufficiency of evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (507 SE2d 514) (1998). "[C]onflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." *Stewart v. State*, 291 Ga. App. 846, 847 (663 SE2d 278) (2008).

Viewed in the light most favorable to the verdict, the evidence established that in the early morning hours two sheriff's deputies noticed a vehicle without a working tag light and decided to initiate a traffic stop. As the deputies attempted to stop the vehicle, one deputy observed McCombs, the driver of the vehicle, extend his hand toward the passenger side and throw a plastic bag out the passenger side window. The other deputy, who sat in the passenger seat, did not see who threw the bag out the window, but only saw the bag flying out of the passenger window. After McCombs's vehicle stopped, both deputies left their vehicle and found a passenger sleeping in the front seat. Her body was crouched down with her head facing the passenger side door. The first deputy then located the small plastic bag that McCombs had thrown out the passenger window. The recovered bag was tested by the state crime lab and it contained 35.13 grams of cocaine with purity of 30.19 percent, packed in 30 smaller bags, as well as tablets of methylenedioxyamphetamine, and less than one ounce of marijuana. The deputies also found over $700 in cash on McCombs's person.

McCombs challenges the sufficiency of the evidence used to convict him, arguing that no direct evidence existed that he ever possessed the drugs and that the State's circumstantial evidence was insufficient to sustain his conviction. We disagree.

Contrary to McCombs's argument, at trial the State presented evidence that the first deputy saw McCombs actually possessing the

bag of illegal narcotics as he held it in the car, before he threw it out the passenger's window. Testimony of a single witness is generally sufficient to establish a fact. OCGA § 24-4-8. Furthermore, an officer's testimony that he saw the defendant's hand on a plastic bag containing cocaine is sufficient to authorize a rational trier of fact to find that the defendant possessed the cocaine. *Lester v. State*, 226 Ga. App. 373, 377 (487 SE2d 25) (1997).

Even when the evidence is circumstantial, this court will only disturb the jury's verdict when its findings, based on the evidence, are unsupportable as a matter of law. *Garrett v. State*, 263 Ga. App. 310, 312 (587 SE2d 794) (2003). Furthermore, the State's evidence need not exclude every possible hypothesis other than the defendant's guilt; it must only exclude every reasonable hypothesis. *Jackson v. State*, 276 Ga. App. 694, 695 (624 SE2d 270) (2005). This does not mean that the State must exclude every possible hypothesis showing innocence, but that it must do so as to any reasonable hypothesis showing innocence. Id. The mere possibility that an individual other than the defendant committed the crime is not such a "reasonable hypothesis" that must be excluded for circumstantial evidence to authorize a guilty verdict. *Brown v. State*, 170 Ga. App. 398, 400 (317 SE2d 207) (1984). "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury." (Punctuation omitted.) *Haney v. State*, 261 Ga. App. 136, 138 (581 SE2d 626) (2003). Based on the evidence at trial, the jury was authorized to conclude that McCombs threw the plastic bag containing drugs out the passenger side window of his car. Any rational trier of fact could have found McCombs guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

McCombs also suggests that the State failed to prove that he intended to distribute the cocaine that he possessed. We have held, however, that the amount of drugs required to sustain a trafficking charge is also a large enough amount from which the jury could infer the "intent to distribute." See *Brown v. State*, 181 Ga. App. 795, 797 (354 SE2d 3) (1987). Also, another deputy assigned to the drug suppression task force testified, without objection, that the amount of cocaine in the bag was more than a user would have in his possession and that would be the amount that a mid-level dealer would have in his possession. In addition to the amount of cocaine McCombs possessed, the jury could infer the intent to distribute the cocaine from the evidence showing the cocaine was packed in 30 small bags and the large amount of cash in McCombs's possession.

This evidence was sufficient.

> "No bright line rule exists regarding the amount or type of evidence sufficient to support a conviction for possession with intent to distribute." (Citation and footnote omitted.) *Harper v. State*, 285 Ga. App. 261, 265 (1) (b) (645 SE2d 741) (2007). We have previously held that possession of four individual packages of crack cocaine provided sufficient evidence of intent to distribute. *Bowers v. State*, 195 Ga. App. 522 (1) (394 SE2d 141) (1990). In this case, the State also submitted unobjected-to opinion testimony by [a deputy that the amount of cocaine in McCombs's possession was more than a user would possess and was an amount a mid-level dealer would have]. We find this evidence sufficient to support [McCombs's] intent to distribute conviction. See id.; *Helton v. State*, 271 Ga. App. 272, 275 (b) (609 SE2d 200) (2005) (possession of four small bags of methamphetamine, large amount of cash, and expert testimony sufficient to support intent to distribute conviction); *Maddox v. State*, 227 Ga. App. 602, 603 (1) (490 SE2d 174) (1997) (possession of four small bags and other evidence sufficient to support intent to distribute conviction). Compare *Hicks v. State*, 293 Ga. App. 830, 831-833 (668 SE2d 474) (2008) (single pill bottle containing multiple pieces of cocaine insufficient to support intent to distribute conviction); *Florence v. State*, 282 Ga. App. 31, 33-34 (1) (c) (637 SE2d 779) (2006) (single baggie containing one crack cocaine "cookie" that could have been broken into smaller pieces and expert testimony assuming "cookie" was not for personal use insufficient to support intent to distribute conviction).

*Cotton v. State*, 300 Ga. App. 874, 876-877 (686 SE2d 805) (2009). Accordingly, McCombs's contentions that the evidence was insufficient are without merit.

3. McCombs contends that the trial court erred by instructing the jury that it could find him guilty of the offenses based on an "aider and abettor" theory. Review of the charge given, however, shows that the language McCombs complains of was not in a charge on parties to a crime or an aider or abettor theory, but was instead part of the charge on mere presence at the scene. As the record shows that McCombs requested the exact charge he now enumerates as an error, he cannot now complain that the trial court gave the charge he requested. The act of requesting an instruction in the trial court constitutes a specific waiver of the right to enumerate it as an error

on appeal. *Roulain v. Martin*, 266 Ga. 353, 354 (466 SE2d 837) (1996). Because McCombs requested the charge below, he is precluded from attacking it now. *Wynn v. State*, 262 Ga. 839, 840 (426 SE2d 157) (1993). Accordingly, this enumeration of error is also without merit.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED AUGUST 27, 2010 —
RECONSIDERATION DENIED SEPTEMBER 14, 2010.

*Jimmonique R. S. Rodgers*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.