S90A1227, S90A1230. STENGER v. GRIMES et al. (two cases).
S90X1228, S90X1231. COASTAL SUPPLY COMPANY, INC. v. GRIMES et al. (two cases).
S90X1229, S90X1232. GRIMES et al. v. STENGER et al. (two cases).

(400 SE2d 318)

HUNT, Justice.

This is an interlocutory appeal from the trial court's denial of defendant Stenger's motion for partial summary judgment seeking to consolidate wrongful death and survivors' actions arising out of the same automobile accident, and from the trial court's denial of the corporate defendant's motion for partial summary judgment on the issue of its liability for the acts of Stenger, its president and chief executive officer.

Nancy Grimes was killed as a result of a March 1987 collision between her automobile and a pickup truck operated by Stenger and owned by Coastal Supply Company, Inc. As a result, two claims arose. Raymond Grimes, Bengston and Dowdy, the three adult children of Nancy Grimes, sued Stenger and Coastal Supply for her wrongful death. In the other claim, Grimes and Bengston, as executors, sued both defendants for damages to the estate of Nancy Grimes, including medical expenses, property damage and pain and suffering.

1. We agree with Stenger's contention that consolidation of the wrongful death and survivors' actions is required under our holding in

*Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982). See also *Tarver v. Martin*, 175 Ga. App. 689, 690 (3) (334 SE2d 18) (1985). In *Stapleton*, this court held that the defendant, sued in separate actions for personal injuries and loss of consortium based on those same personal injuries, is entitled, under OCGA § 9-11-19 (a) (mandatory joinder),[1] where he so moves, to joinder of those actions. As in *Stapleton*, the claims brought against Stenger are separate, but arise from the same occurrence, and Stenger is subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" by reason of the two claims made against him. Id. at 260. Contrary to the plaintiffs' argument, neither the logic nor the language of *Stapleton* limits its application to a personal injury claim and derivative loss of consortium claim.[2] Also, contrary to the plaintiffs' contention, our ruling here will not require joinder in any case involving multiple claims resulting from the same occurrence (e.g., catastrophic cases and other cases involving injuries to multiple plaintiffs). Rather, we hold the rule in *Stapleton* is limited to mandate joinder, on the defendant's motion, of all claims which derive from personal injuries sustained by a *single* individual. To the extent it conflicts with this opinion, *Robinson v. Hall*, 177 Ga. App. 181 (338 SE2d 699) (1985) is disapproved.

2. Our review of the record provides no authority for reversal of the trial court's denial of the motions for summary judgment filed by the corporate defendant or by the plaintiffs on the issue of the corporate defendant's liability for Stenger's acts under the doctrine of respondeat superior.

*Judgment in Case Nos. S90X1228, S90X1229, S90X1231, and S90X1232 affirmed. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Faye Sanders Martin concur; Weltner, J.,*

---

[1] That statute provides:

A person who is subject to service of process shall be joined as a party in the action if:

(1) In his absence complete relief cannot be afforded among those who are already parties; or

(2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(A) As a practical matter impair or impede his ability to protect that interest; or

(B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

In *Stapleton*, the defendant, who had won a verdict in a suit against him by an injured party, moved for summary judgment in a subsequent suit for loss of consortium based on the same injuries caused by the same occurrence. This court held the defendant was not entitled to summary judgment, but could have protected himself from the possibility of an inconsistent verdict by moving to join the two claims under OCGA § 9-11-19 (a) before the trial.

[2] The "derivative" nature of the consortium claim was not elaborated on in *Stapleton*. But it would seem the estate's claim, like the consortium claim in *Stapleton*, is similarly derivative in that it is based on the same injuries to one person, which injuries are the subject of another lawsuit.

*not participating. Judgment in Case Nos. S90A1227 and S90A1230 reversed. Clarke, C. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge Faye S. Martin concur; Smith, P. J., dissents; Weltner, J., not participating.*

DECIDED FEBRUARY 2, 1991 —
RECONSIDERATION DENIED FEBRUARY 25, 1991.

*Neely & Player, John W. Winborne III, William C. Thompson,* for Stenger.
*Sell & Melton, Doye E. Green, J. Edward Hall,* for Grimes et al.
*Michael L. Wetzel,* for Coastal Supply.