A97A2554. UNITED SERVICES AUTOMOBILE ASSOCIATION
v. MILLIKAN et al.
(498 SE2d 171)

POPE, Presiding Judge.

In this appeal, United States Automobile Association ("USAA") claims the trial court erred by ruling on a cross-claim that USAA had voluntarily dismissed pursuant to OCGA § 9-11-41 (a). We agree and vacate that portion of the order which contains the improper ruling.

The complex procedural maneuvers which have occurred in this case require some explanation. Robin Millikan and her husband, Joseph Millikan, were injured in an automobile accident. Pursuant to the terms of their automobile liability policy with USAA, the Millikans received payment for medical expenses they incurred as a result of the accident. The Millikans sued the driver of the other car involved in the accident for damages resulting from the accident and obtained a judgment in their favor.

In an effort to resolve USAA's potential claim for reimbursement of the medical benefits, the Millikans moved to add USAA as an involuntary party plaintiff to the personal injury action pursuant to OCGA § 9-11-19. That motion was granted, but USAA neglected to file its claim within the time allotted by the trial court. When the Millikans moved to dismiss USAA's unfiled claims with prejudice, thereby precluding · its claims for reimbursement, the insurer explained to the court that its failure to file a claim resulted from mistake. The trial court then dismissed USAA's claims *without* prejudice. With the Millikans' consent, USAA then moved to intervene in the personal injury action pursuant to OCGA § 9-11-24. The trial court granted the motion, and USAA filed a cross-claim against the Millikans seeking reimbursement from the proceeds of the judgment for the medical payments it made on behalf of the Millikans.

The defendant driver satisfied the judgment and paid the proceeds into the registry of the court. The trial court disbursed the majority of the judgment proceeds but retained in the registry the sums contested by USAA. The parties subsequently entered into a stipulation agreement which included a stipulation that the Mil-

likans had not been completely compensated for their losses resulting from the accident. Thereafter, the Millikans filed a motion seeking dismissal of USAA's cross-claim on the basis that under the "complete compensation rule" set forth in *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646 (482 SE2d 325) (1997), USAA had no right to reimbursement or subrogation under the policy. Before the motion was considered by the trial court, USAA voluntarily dismissed its cross-claim without prejudice pursuant to OCGA § 9-11-41 (a). After USAA dismissed its cross-claim against the Millikans, the trial court entered an order directing the clerk to disburse to the Millikans the sums being held in the court registry on their behalf which were contested under the cross-claim.

On appeal from the disbursement order, USAA does not claim the trial court erred by disbursing the judgment funds to the Millikans. Rather, USAA claims that in a portion of the order the trial court erroneously ruled on the merits of its dismissed cross-claim.

The trial court's order not only disbursed sums from the court registry to the Millikans, but also recited the fact that USAA had stipulated that none of the plaintiffs in the case had been completely compensated for their losses and ruled based on *Duncan*, supra, that "no right of reimbursement to United Services Automobile Association for the medical expense payments made by them to each of the Plaintiffs arose or became applicable because of the failure of the Plaintiffs to be fully compensated for their losses by the judgment entered in this case." Although reciting the USAA stipulation was not error, the trial court erred to the extent that the above quoted portion of its order attempted to rule on the merits of USAA's cross-claim after the cross-claim had been dismissed under OCGA § 9-11-41 (a).

We must vacate that portion of the lower court's order addressing the merits of USAA's dismissed cross-claim. Pursuant to OCGA § 9-11-41 (a) and (e), USAA properly informed the court that it did not wish to pursue the cross-claim in the present action. Its voluntary dismissal deprived the trial court of jurisdiction to decide the merits of the claim, so that portion of the order was improper and must be vacated. See *Smith v. Mem. Med. Center*, 208 Ga. App. 26, 28 (1) (430 SE2d 57) (1993).

This result is proper whether USAA is classified as an intervenor or as an involuntary plaintiff. OCGA § 9-11-19 (a) provides a method by which one party may require an indispensable party to join an existing action and either present its claims or *waive* them through the application of res judicata. See *Stenger v. Grimes*, 260 Ga. 838, 839 (1) (400 SE2d 318) (1991) (providing method to require parties to assert claims arising out of same accident); *Citizens Exchange Bank &c. v. Kirkland*, 256 Ga. 71 (344 SE2d 409) (1986) (providing that the failure of a party to assert a cross-claim in one

action may estop the party from later bringing that claim). But nothing in the statute requires a party to assert a claim *and submit that claim to the trial court for a ruling on the merits.* Just as a party is not *required* to file an answer to a complaint, or assert a particular defense, so may a party decline to have the court address the merits of its claim. Voluntary dismissal of a claim under OCGA § 9-11-41 is a method by which the party may "escape from an 'untenable position'" whether or not its failure to assert the claim will later have res judicata effect. See *Lakes v. Marriott Corp.*, 264 Ga. 475, 476 (448 SE2d 203) (1994). The issue of whether USAA will, at some later date, be authorized to reassert this dismissed claim is not before the Court, and any opinion we offered on that question would be premature. Neither are we called on to determine whether, despite its dismissal of the cross-claim, USAA remains a party to the case below. In the matter before us, we are presented with only one question. In answer to that question, USAA was entitled to voluntarily dismiss its cross-claim, and once it entered that dismissal the trial court had no authority to render a decision on the merits of the cross-claim.

*Judgment affirmed in part and vacated in part. Blackburn, J., concurs. Andrews, C. J., concurs in judgment only.*

DECIDED MARCH 18, 1998.

*FitzGerald & Schultz, John K. FitzGerald, Andrew H. Schultz,* for appellant.

*Dennis, Corry & Porter, Robert E. Corry, Jr., Troy R. Millikan,* for appellees.