## A99A1178. CHUNG v. THE STATE.
(523 SE2d 615)

BLACKBURN, Presiding Judge.

Jae Wook Chung appeals his conviction, following a jury trial, for two counts of aggravated battery, aggravated assault, and cruelty to children, contending: (1) that the evidence was insufficient to support the verdict; (2) that the trial court erred by failing to instruct the jury on "mere presence"; (3) the trial court erred by denying his motion for a continuance; and (4) that the trial court erred by failing to recharge the jury. For the reasons set forth below, we affirm.

1. We have held that:

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Chung] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the record shows that five-year-old Kelly Chung was taken to the hospital on the evening of June 21, 1997, by her parents. Kelly was unresponsive and feverish. After examination, Kelly's doctors discovered that she was suffering from a subdural hematoma within the brain and a swollen brain likely caused by a blunt trauma. In order to stop the brain swelling, brain surgery had to be performed on Kelly, and a portion of her brain was removed. In addition to her brain injury, Kelly had bruises on almost every area of her body.

On the day that Kelly was admitted to the hospital, she had spent the day at home with her stepfather, the primary caregiver, while her mother was away at work. Kelly's stepfather was the only person that was with her during the time that Kelly's mother was working. Before she left that morning, Mrs. Chung visited with her daughter and testified that she was normal at that time. During the day, Mrs. Chung received no telephone calls from Mr. Chung concerning Kelly or any injuries to her. When Mrs. Chung returned home, Kelly was asleep in her bed, tossing, turning, and, eventually, having seizures. Kelly's doctor testified that the subdural hematoma was a fresh wound, most likely occurring on the day that she was brought to the hospital.

When asked to explain the origin of Kelly's head injuries, defendant stated that his stepdaughter had not suffered any head injuries on the day that she was admitted. Instead, he told Kelly's doctor that she had fallen while playing with a puppy four months earlier and that she had fallen in the bathtub one month earlier. When asked to explain the origin of the bruises covering Kelly's body, defendant answered that his stepdaughter simply was an active child prone to falling. Defendant gave no explanations which were consistent with Kelly's actual injuries.

In determining the sufficiency of the circumstantial evidence to support a conviction of cruelty to a child (or to withstand a motion for a new trial), the trial court as well as this court will apply a "reasonable hypothesis rule." This is to say that a conviction based solely upon circumstantial evidence must be supported by facts which not only are consistent with guilt of the accused, but should exclude every reasonable hypothesis save that of the guilt of the accused. This

does not mean that the state must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence. The yardstick by which we determine what in a given case is a reasonable hypothesis is in the first instance a question for the jury. Thus, except where the guilty verdict is unsupportable as a matter of law, this court will not substitute its judgment as to what is a reasonable hypothesis for that of the jury or the trial court.

(Citations omitted.) *Robinson v. State*, 168 Ga. App. 569, 570-571 (1) (309 SE2d 845) (1983).

In this case, the evidence, as discussed above, properly supports a reasonable hypothesis that Chung injured his stepdaughter. On the day that Kelly was injured, Chung, by his own admission, was supervising her alone. Kelly's mother noticed that Kelly was normal at the beginning of the day and ill at the time that she returned home. Kelly's doctor indicated that her injury resulted from a very recent blunt trauma to the head, and Chung, who had been with Kelly throughout the day, provided explanations which were inconsistent with her injuries. The charge that Chung injured his stepdaughter is well supported, and the jury's verdict was proper. *Robinson*, supra; see *Jackson*, supra.

2. Chung contends that the trial court erred by denying his written request to charge the jury regarding mere presence at the scene of the crime.

The rule that mere presence at the scene of a crime is insufficient to convict is actually a corollary to the requirement that the State prove each element of the offense charged. *Muhammad v. State*, 243 Ga. 404 (1) (254 SE2d 356) (1979). In the present case, the trial court correctly instructed the jury on the duty of the State to prove each element of the crime beyond a reasonable doubt and instructed the jury fully on the law of circumstantial evidence.

*Parker v. State*, 270 Ga. 256, 258 (2) (507 SE2d 744) (1998). Based on the extent of Kelly's bruising and injuries, it is clear that Chung failed to appropriately protect and supervise his stepdaughter and to seek prompt medical care for her or to notify anyone, including Mrs. Chung, of the girl's injuries. The trial court did not err in denying defendant's request to charge on mere presence. Id.

3. Chung contends that the trial court erred in denying his motion for a continuance, arguing that there was insufficient time to interview witnesses and prepare his case.

[A]ll applications for continuances are addressed to the

sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require. OCGA § 17-8-22. Such grant or denial of a continuance will not be disturbed absent a showing of an abuse of discretion.

(Punctuation omitted.) *Halthon-Howard v. State*, 234 Ga. App. 229 (1) (506 SE2d 415) (1998).

Although the State provided Chung with a list of 29 additional witnesses shortly before the trial began, the names of these witnesses were drawn from discovery provided to the State by Chung. Chung had these discovery documents in his possession for approximately two months prior to his trial. In addition, a number of the witnesses on the supplementary list were duplicates of those named on the original list, and, after a colloquy between the parties and the trial court, it was determined that approximately only six of the witnesses needed to be interviewed. Because most of these witnesses were hospital employees who had treated Kelly's injuries, Chung had reason to know that the State might call them as witnesses. As Chung had the names of these potential witnesses in discovery he had in his possession for two months prior to trial, we cannot say that the trial court abused its discretion in denying his motion for a continuance. Furthermore, we note that, following the trial court's ruling on his motion, Chung did not renew his motion for a continuance when his trial began. As such, we must assume that Chung was satisfied with his discovery prior to trial. The better practice is for the State to timely provide defendant with a witness list in order to fairly comply with the law. When the State fails to do so, it may very well jeopardize its case. Under the circumstances of this case, however, defendant's argument on this issue is without merit.

4. Defendant contends that the trial court erred in its recharge to the jury with regard to the necessity for a unanimous verdict. Even pretermitting the issue of whether Chung waived his right to raise this enumeration on appeal by failing to object to the recharge, we find no error.

It is well established that when the jury, after having received complete instructions on the law applicable to the case, returns to the courtroom and requests additional instruction on a particular point, the trial court may, in its discretion, either recharge the jury in full or confine the instruction to the particular point suggested by the jury's inquiry.

(Punctuation omitted.) *Woods v. State*, 224 Ga. App. 52, 57 (9) (479

SE2d 414) (1996).

In this case, the trial court aptly identified the jury's confusion regarding the need for a unanimous verdict on all counts against Chung, and, after instructing the jurors about this need, the trial court sent the jury out to continue its deliberations. The trial court did not abuse its discretion in this regard. *Dewinters v. State*, 232 Ga. App. 318, 320 (2) (501 SE2d 849) (1998).

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED OCTOBER 18, 1999.

*Robert H. Alexander III*, for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.