A06A2251. LAMB v. VERIZON WIRELESS SERVICES, LLC.

(644 SE2d 412)

ADAMS, Judge.

Plaintiff Jacquelyn E. Lamb appeals from the trial court's order granting summary judgment to defendant Verizon Wireless Services, LLC.

The following facts are pertinent here: In September 2001, Lamb entered into a cellular service agreement with Verizon. In January 2002, Lamb contacted Verizon, disputing the terms of her service plan and the amounts she was being charged for her cellular service. The parties were unable to resolve this dispute, although Lamb continued to use her cellular service until June 2002. In July 2002, Lamb's

---

account went into arrears for nonpayment. Verizon charged off the outstanding balance of $723.23 in September 2002, after it was 120 days past due.

On February 1, 2003, Verizon sent a report to Equifax, a consumer credit reporting agency, that Lamb's account was in arrears for $723.23. In April 2003, Lamb sent Equifax a letter in which she disputed the validity of the debt reported by Verizon. In turn, Equifax sent Verizon a letter and asked it to confirm the accuracy of the reported debt. Verizon responded, verifying the validity of the debt. On May 22, 2003, Equifax sent Lamb a letter notifying her that the debt had been investigated and verified.[1]

On June 14, 2005, Lamb filed her complaint against Verizon alleging claims under the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA). Verizon filed a motion for summary judgment contending, inter alia, that the action under the FCRA was barred by the applicable statute of limitation. The trial court subsequently granted summary judgment to Verizon, and this appeal followed.[2]

Subject to certain exceptions not applicable here, 15 USC § 1681p provides for a two-year statute of limitation.[3] Pursuant to 15 USC § 1681s-2 (b), a person or entity providing credit information about a debtor to a consumer credit agency has a duty to reinvestigate the information it has provided only when it is notified by the credit agency that the completeness or accuracy of the information has been disputed. The FCRA sets forth the steps that the reporting person or entity must take in the event it is notified of a dispute, and a breach of duty arises only when the reporting entity fails to reinvestigate properly. Id.

1. Lamb first challenges the trial court's order finding that her claim under the FCRA was barred by the applicable statute of limitation. Lamb acknowledges that the statute of limitation expired on her claim under the FCRA as to the report made by Verizon to the credit agency Equifax, but contends that Verizon reported the alleged outstanding debt to other credit agencies, and that her complaint was filed within the applicable limitation period as to those claims. While

---

[1] Although not relevant to the determination of the issues before us, it appears that Verizon subsequently "cleared" Lamb's account, and notified her that the credit bureaus had been notified to reverse all "derogatory remarks."

[2] Lamb does not challenge the grant of summary judgment to Verizon on her claims under the FDCPA.

[3] The parties agree that an action brought to establish liability under the FCRA must be brought "within two years from the date on which the liability arises." However, it appears to us that 15 USC § 1681p has been amended and that the statute now provides that the actions must be brought "[two] years after the date of discovery by the plaintiff of the violation that is the basis for such liability. . . ." In any event, this change does not affect the analysis in this case.

it is true that there is some evidence in the record to support the inference that Verizon reported the alleged outstanding debt to other credit agencies, there is nothing in the record to show that those agencies notified Verizon of a dispute about the information it had provided, triggering Verizon's duty under the FCRA to reinvestigate. See *Young v. Equifax Credit Information Svcs.*, 294 F3d 631, 639-640 (5th Cir. 2002) (plaintiff's FCRA claims failed as a matter of law since there was no evidence that the furnisher of the credit information received notice of a dispute from a consumer reporting agency, triggering the furnisher's duties under the FCRA). Although Lamb has filed a reply brief in this Court asserting that after this appeal was filed she was able to locate evidence in "certain boxes in storage" showing that verification was requested by another credit agency within two years of filing her complaint, she acknowledges that this evidence was not before the trial court at the time it ruled on Verizon's motion for summary judgment.

It is axiomatic that this Court cannot consider items that are attached to briefs but not otherwise contained in the record transmitted to this Court from the trial court. Court of Appeals Rule 24 (g).

> "[A] brief or an attachment thereto cannot be used in lieu of the record for adding evidence to the record. . . . [D]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, will not be considered on appeal." [*In re Estate of Dorroh*, 255 Ga. App. 366, 367 (565 SE2d 565) (2002).] Therefore, we must rely solely upon the appellate record as it has been forwarded to this Court to decide the issue on appeal.

*Nolan v. Jowers*, 280 Ga. App. 815, 816 (635 SE2d 211) (2006). Moreover, although Lamb also argues that her testimony and other evidence at the hearing on the motion for summary judgment supports her contention that she had claims against Verizon under the FCRA involving other credit agencies, she specifically provided in her notice of appeal that a transcript of that hearing should not be forwarded to this Court. In the absence of a transcript showing what evidence was presented at the hearing, and nothing contrary appearing in the record, we must assume that the trial court's evidentiary findings were correct and supported by the evidence presented at the hearing. See *Cotton v. Ray*, 276 Ga. App. 682 (624 SE2d 271) (2005). "Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be

[considered] on appeal." (Citations and punctuation omitted.) *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 480 (1) (469 SE2d 523) (1996).

The record here shows that Verizon received notification from only one credit agency that the report it made concerning Lamb's outstanding indebtedness was disputed, and that Lamb was notified that Verizon had reinvestigated and verified the information it provided more than two years before suit was filed. The trial court's order granting summary judgment to Verizon on this basis is thus affirmed.

2. Because of our holding in Division 1, it is not necessary for us to consider Lamb's additional argument that the trial court erred by finding that she had failed to present evidence showing actual damages.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 16, 2007 —
RECONSIDERATION DENIED MARCH 30, 2007.

Jacquelyn E. Lamb, *pro se.*
*Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder, Jr., Michael P. Kohler*, for appellee.