## A08A1355. PEDEN v. PEDEN.
(667 SE2d 650)

MIKELL, Judge.

James C. Peden (hereinafter "Peden") died on December 16, 2005. On November 3, 2006, the Probate Court of DeKalb County appointed an administrator for Peden's estate. Peden's will provided for his estate to be divided equally among his three children: his son, Eric, and his daughters, Katherine and Margaret.[1] On May 9, 2007, Katherine, acting pro se, filed the underlying action in the Superior Court of DeKalb County against her brother, Eric. The complaint alleged that Eric had obtained certain funds from his father and that these funds should have been included in the estate, including amounts received on the sale of Peden's home and amounts held in a checking account in the joint names of Peden and Eric; that certain funds from Peden's deferred compensation account should not have been included in the estate but were nonetheless used for estate purposes; and that Eric had not repaid certain sums he owed to Peden. Eric did not file an answer to the complaint. Following a hearing held on July 30, 2007, at which Katherine appeared pro se and Eric did not appear, the trial court ruled that Katherine, not being the administrator of the estate, did not have standing to maintain the lawsuit, and the suit was accordingly dismissed. It is from this ruling that Katherine appeals,[2] again acting pro se. We find no error.

Under OCGA § 53-4-8 (b), the title to all personal property owned by a decedent "shall vest in the administrator of his estate for the benefit of the heirs and creditors." Thus, as a general rule, the right of action for the recovery of personal property for the benefit of an estate vests exclusively in the administrator of the estate, and not in its beneficiaries.[3] This general rule is subject to the equitable exception that an heir may sue in his own name where he can show that, by reason of insolvency, fraud, collusion or other special

---

[1] For purposes of clarity, Peden's children are referred to hereinafter by their first names.

[2] Katherine originally appealed directly to the Supreme Court of Georgia, and the Supreme Court transferred the appeal to this Court. Eric has not filed a responsive brief in this Court.

[3] *Bell v. Liberty Mut. Ins. Co.*, 108 Ga. App. 173, 176 (2) (132 SE2d 538) (1963); *Life & Cas. Ins. Co. of Tennessee v. Marks*, 72 Ga. App. 640, 642 (34 SE2d 633) (1945).

circumstances, the administrator is unwilling to bring the suit.[4]

In the case before us, the general rule applies, rather than the "special circumstances" exception. The trial court found that the estate was solvent; that there was no evidence of collusion; that there was no evidence that the administrator had refused or been unwilling to collect any claims on behalf of the estate; and that "plaintiff showed no other special circumstances that would allow her, rather than the administrator of the estate, to bring this action." Although Katherine argues in her brief that she presented evidence of the administrator's unwillingness to pursue the claims, and further that she presented evidence of collusion, embezzlement, fraud, and elder abuse, she has failed to support her argument by providing citations to the record, in violation of the rules of this Court.[5] Further, to the extent that the evidence Katherine refers to in her brief was presented at the July 2007 hearing, we note that Katherine specifically provided in her notice of appeal that a transcript of the hearing would not be included in the record on appeal. In the absence of a transcript showing what evidence was presented at the hearing, "we must assume that the trial court's evidentiary findings were correct and supported by the evidence presented at the hearing."[6] Accordingly, the trial court's order dismissing Katherine's complaint is affirmed.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 3, 2008.

Katherine Peden, *pro se.*
Eric Peden, *pro se.*

---

[4] *Rogers v. Taintor*, 93 Ga. App. 54 (1) (90 SE2d 629) (1955) (special circumstances include fraud and collusion); *Denny v. Gardner*, 149 Ga. 42 (99 SE 27) (1919) (special circumstances include collusion and insolvency).

[5] Court of Appeals Rule 25 (c) (2) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript").

[6] (Citation omitted.) *Lamb v. Verizon Wireless Svcs.*, 284 Ga. App. 696, 698 (1) (644 SE2d 412) (2007).