A08A2214. JOHNSON v. THE STATE.
(675 SE2d 556)

SMITH, Presiding Judge.

Julius Raynard Johnson was convicted of four counts of armed robbery, two counts of kidnapping, two counts of false imprisonment, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. His extraordinary motion for new trial was denied, and he appeals, asserting five enumerations of error and the general grounds. Finding no error, we affirm.

1. In his sixth enumeration of error, Johnson raises the general grounds. We find the evidence sufficient to uphold the convictions under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Whitehead v. State*, 237 Ga. App. 551 (1) (515 SE2d 866) (1999); *Scott v. State*, 172 Ga. App. 472 (323 SE2d 683) (1984).

2. Two of the victims initially told police that a firearm found at the scene did not belong to one of them, and then later changed their accounts. Johnson contends that the State violated *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), because it did not reveal this inconsistency to Johnson. Johnson, however, failed to object to this testimony at trial. Moreover, counsel for a co-defendant observed at the time that *Brady* was not implicated because "we're in trial now. It's out." Another lawyer raised an objection, but then withdrew it, saying, "It's not worth anything — take anybody's time. I'm sorry." And the trial court observed that the conflict in the testimony was not exculpatory, but impeaching, and allowed cross-examination on the inconsistent statements.

The observations of counsel and the trial court were correct, and Johnson has shown no error. "A defendant may not raise an alleged *Brady* violation for the first time on appeal." *Smith v. State*, 222 Ga. App. 366, 368 (3) (a) (474 SE2d 272) (1996). Indeed, *Brady* is not implicated because it does not require pretrial disclosure. "When the material is disclosed at trial, as it was during [the witnesses'] testimony, there is no *Brady* violation. [Cit.]" Id. Finally, the information is not exculpatory because it does not clear or tend to clear Johnson from the charges against him. Id. at 369 (3) (a). This enumeration of error is without merit.

3. Johnson next contends that the trial court erred in denying his motion for directed verdict on the charge of possession of a

firearm during the commission of a felony because the elements of the offense are the same as those of armed robbery, creating a jeopardy issue. This contention has already been decided adversely to Johnson in *Miller v. State*, 250 Ga. 436 (298 SE2d 509) (1983).

4. Johnson contends the trial court erred in responding to the jury's request for an explanation of the meaning of the term "detain" by giving a dictionary definition instead of the definition found in *Alexander v. State*, 279 Ga. 683 (620 SE2d 792) (2005). This contention is wholly without merit, as *Alexander* deals not with jury instructions, but with whether Georgia's false imprisonment statute gives adequate notice of the proscribed conduct. The Supreme Court held that it did and examined several dictionary definitions of the word "confine" to determine its "common meaning." Id. at 685-686 (3). The other cases cited by Johnson deal with jury misconduct and sufficiency of the evidence, not jury instructions.

5. Johnson next complains of the trial court's instruction to the jury regarding the absence of a witness, Henderson, contending that the instruction was burden shifting. But the need for this instruction was created by counsel for one of Johnson's co-defendants, who asked a witness the whereabouts of Henderson, and stated in front of the jury:

> Apparently, Judge, we're not going to hear from this person, it would appear anyway. That being said, the only evidence of what he is purported to have said comes from this witness here. Now, if he's not here I think I've got every right to ask if this witness knows where he's at to maybe inquire why he's not here, why he didn't come in and tell his story.

Out of the presence of the jury, counsel acknowledged that he knew the witness was in jail, but wanted to place that fact before the jury "to impeach the credibility of an out-of-court declarant."

After a lengthy colloquy, the trial court stated, "You're implying that the State's trying to keep you from getting to the truth . . . the jury needs to know if anybody wants Mr. Henderson here, everybody knows where he's at and you can bring him in here." Johnson's attorney made a continuing objection to such an instruction on the basis that it would place a burden on the defendants, and the trial court responded, "It doesn't give you a burden at all. It gives you a right. If you want to have Mr. Henderson come in and testify, you've got it and you know where he's at. He's not secreted anywhere. I don't want that implied. He's not hid somewhere and he hasn't disappeared." The trial court instructed the jury, "Mr. Timothy Jamal Henderson's presently incarcerated in the Gwinnett County jail. We all know that in this case and he is subject to the subpoena

either of the State or the Defense if they wish to have him come in and testify."

As the trial court observed, this instruction did not place any burden upon Johnson to produce evidence. It was given to cure the false impression created by counsel for Johnson's co-defendant that the State was concealing a witness, and it simply acknowledged the subpoena power available to all parties. It did not create a presumption or instruct the jury to draw any inference.

But even if we assumed that some inference could be drawn from the instruction, the trial court explicitly instructed the jury that the defendant is presumed innocent, that the burden of proof is on the State to prove every element of the offense and guilt beyond a reasonable doubt, and that "[t]here is no burden of proof upon the defendant whatsoever and the burden never shifts to the defendant to introduce evidence or to prove innocence." Precisely as in the cases cited by Johnson in his brief, these instructions rendered any error harmless. *Swint v. State*, 199 Ga. App. 515, 516 (1) (405 SE2d 333) (1991).

6. Finally, Johnson contends the trial court erred in recharging the jury on the definitions of three crimes instead of re-reading the entire charge. Johnson failed to object after the recharge, however, and therefore has failed to preserve this enumeration of error for review. *Wiley v. State*, 250 Ga. App. 731, 735 (2) (552 SE2d 906) (2001). Moreover,

> [i]t is well established that when the jury, after having received complete instructions on the law applicable to the case, returns to the courtroom and requests additional instruction on a particular point, the trial court may, in its discretion, either recharge the jury in full or confine the instruction to the particular point suggested by the jury's inquiry.

(Citation and punctuation omitted.) *Chung v. State*, 240 Ga. App. 394, 397 (4) (523 SE2d 615) (1999). The trial court did not abuse its discretion in recharging the pattern jury instructions on the jury's request.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 17, 2009.

*Daniel B. Kane*, for appellant.

*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.