A11A1188. MORMAN-JOHNSON v. HATHAWAY et al.
(718 SE2d 132)

SMITH, Presiding Judge.

Appearing pro se, Angela Morman-Johnson appeals from a judgment entered on a jury verdict in favor of Gary Hathaway and Summit Surgical Specialists on her claims for medical negligence and medical battery stemming from Hathaway's removal of Morman-Johnson's abdominal mass. She asserts several errors on appeal, most with regard to the court's instructions to the jury. We

---

[32] *Skaggs-Ferrell v. State*, 266 Ga. App. 248, 250-251 (3) (596 SE2d 743) (2004) (citation and punctuation omitted).

[33] Id.

conclude that these claims are without merit and affirm.

We first note that Morman-Johnson's brief on appeal fails to comply with the rules of this court. See Court of Appeals Rule 25. Morman-Johnson lists several enumerations but fails to demonstrate the manner in which each claim of error was preserved. See Court of Appeals Rule 25 (a) (1). Morman-Johnson also fails to support each claim of error with argument or citation to authority, providing one case citation in her entire brief. See Court of Appeals Rule 25 (a) (3).

> Briefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [appellant's] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown. Nevertheless, we will address [appellant's] arguments, insofar as we are able to ascertain them from [her] brief.

*Salazar v. State*, 256 Ga. App. 50 (567 SE2d 706) (2002).

1. In her first enumeration, Morman-Johnson appears to argue that trial counsel should have attempted to present as evidence a "medical chart with over 500 pages." But "[i]t is well established that this [c]ourt may not address issues on appeal which were not addressed by the trial court, because this [c]ourt is a court for the correction of errors and it does not consider matters which were not raised and ruled on by the trial court." (Citations, punctuation and footnotes omitted.) *Madison Retail Suwanee v. Orion Enterprises &c.*, 309 Ga. App. 712, 717 (4) (711 SE2d 71) (2011). In the absence of a ruling by the trial court on this issue, there is nothing for this court to review. See id.

2. In her second through eighth enumerations, Morman-Johnson takes issue with the trial court's recharge to the jury on the standard of care for physicians. Following the court's charge to the jury, counsel for the defendants pointed out to the court that it omitted a portion of the intended charge. Specifically, the court omitted the following from the original charge: "the fact that another physician would have personally treated the patient differently in part, does not raise a presumption of a want of care, skill or diligence on the part of the physician." The trial court agreed to recharge the jury with the complete instruction. Morman-Johnson's counsel complained that a recharge would overemphasize the charge. The court disagreed and recharged the entire instruction on the

standard of care for physicians. The court then asked both counsel if there were any exceptions to the recharge, and both responded that they had none.

Trial counsel's failure to except after the giving of the recharge results in waiver of the issue on appeal. See *Johnson v. State*, 296 Ga. App. 684, 686 (6) (675 SE2d 556) (2009) (failure to object after recharge results in waiver of the issue on appeal). But even if we consider counsel's complaint prior to the recharge to be a proper objection, we cannot say that the recharge was harmful as a matter of law because we have approved similar language on the physician's standard of care. See *Kent v. Henson*, 174 Ga. App. 400, 401 (1) (330 SE2d 126) (1985); see also OCGA § 5-5-24 (c). Moreover,

> [i]t is well established that when the jury, after having received complete instructions on the law applicable to the case, returns to the courtroom and requests additional instruction on a particular point, the trial court may, in its discretion, either recharge the jury in full or confine the instruction to the particular point suggested by the jury's inquiry.

(Citation and punctuation omitted.) *Chung v. State*, 240 Ga. App. 394, 397 (4) (523 SE2d 615) (1999).

3. In her ninth enumeration, Morman-Johnson argues that the jury's question during deliberations concerning the meaning of "reasonable level of care or skill under similar circumstance and like condition," shows that the jury was confused and that the overall charge was too complicated. But Morman-Johnson is only speculating that the jury was confused and does not point to any error committed by the trial court on this issue for us to review.

4. In her tenth enumeration of error, Morman-Johnson argues that the trial court should have given the jury another day to deliberate rather than giving the *Allen* charge after the jury indicated that it was deadlocked. But her counsel stated that he had no exception to the *Allen* charge. "The decision to give an *Allen* charge is within the trial court's discretion. The issue in reviewing an *Allen* charge is whether the instruction is coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." (Citations, punctuation and footnotes omitted.) *Milligan v. State*, 307 Ga. App. 1, 4 (4) (b) (703 SE2d 1) (2010); see *Ga. Communications Corp. v. Horne*, 174 Ga. App. 69, 70 (4) (329 SE2d 192) (1985).

Here we cannot say that the *Allen* charge was unwarranted where the jury, on the first day of deliberation, sent a note to the court indicating that it was deadlocked 11-1 and asking to have a

juror removed. See *Ga. Communications Corp.*, supra, 174 Ga. App. at 70 (4). Morman-Johnson has failed to demonstrate abuse of the court's discretion here.

5. In her eleventh enumeration, Morman-Johnson claims that there were fewer jurors at the end of trial. She appears to assume that because the jury requested that a juror be removed, the court granted the request. But the record reveals that the trial court denied the request and all of the jurors were present when the verdict was returned. Morman-Johnson has failed to show that a juror was removed.

6. During trial, counsel for the defendants asked Morman-Johnson if she had ever filed a lawsuit. Morman-Johnson responded that she had. In her twelfth enumeration, she complains that this gave the court the impression that she had sued a doctor before and that counsel for the defendants knew that one of the jurors "was prejudice [sic] against people suing other people." She complains that Hathaway was not asked a similar question. As explained in Division 1, however, the trial court did not address these issues, and without a ruling on them, there is nothing for this court to review. *Madison Retail Suwanee*, supra, 309 Ga. App. at 717 (4).

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED OCTOBER 28, 2011 — ▬▬▬▬▬

Angela Morman-Johnson, *pro se.*
*Carlock, Copeland & Stair, Dennis G. Lovell, Jr., Vera M. Stock,* for appellees.