**FIFTH DIVISION**
**RICKMAN, P. J.,**
**BROWN, J., and SENIOR APPELLATE JUDGE PHIPPS.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 29, 2021**

# In the Court of Appeals of Georgia

A21A0111. HALL et al. v. HILL.

A21A0623. HALL v. DAVIS LAWN CARE SERVICES, INC. et al.

PHIPPS, Senior Appellate Judge.

These companion cases concern who is the rightful party to pursue a wrongful death action on behalf of minor children of the decedent, Shauntrice Jones. In Case No. A21A0111, Michael Hall, the conservator of the minor children and the administrator of the decedent's estate, appeals the Superior Court of Gwinnett County's order dismissing his petition for injunctive relief and denying his motion for a temporary restraining order or preliminary injunction, wherein he sought to prevent the guardian ad litem and others from interfering with his rights and duties as conservator and administrator. In Case No. A21A0623, Hall appeals several orders entered by the Superior Court of Thomas County, which, respectively, joined him as

a party to a wrongful death action filed by the guardian ad litem and consolidated his wrongful death action with the guardian ad litem's, removed him as a plaintiff and enjoined him from further filings, denied his cross-motion to drop the guardian ad litem as a plaintiff and enjoin her from further filings, and struck his voluntary dismissal of his wrongful death action that had already been consolidated. For the following reasons, we affirm the trial court's order in Case No. A21A0111, and affirm in part and reverse in part the trial court's orders in Case No. A21A0623.

The record shows that Jones died in a car accident in May 2016. In June 2016, Margaret Hill (Jones's mother and the minor children's grandmother), acting as next friend, filed a wrongful death action under OCGA § 51-4-5 on behalf of the minor children in the Superior Court of Thomas County. One week later, Hill petitioned the same court to be named guardian ad litem to represent the minor children in the wrongful death action, and the court appointed her as guardian ad litem under OCGA § 9-11-17 (c) on the same day.

Maurice Williams, Sr., the father of one of the minor children, objected to the appointment of Hill and filed a petition in the Probate Court of Mitchell County requesting that Hall – who was the County Administrator – be appointed as the conservator for the minor children. In July 2016, while the motion seeking Hall's

2

appointment as conservator was pending, Williams filed a motion in the Superior Court of Thomas County wrongful death action seeking, among other things, to (1) stay the litigation pending the Probate Court of Mitchell County's ruling on the appointment of a conservator for the minor children, (2) substitute or allow intervention by the eventual conservator on behalf of the minor children, and (3) vacate the order appointing Hill as the guardian ad litem. The Probate Court of Mitchell County ultimately appointed Hall as the minor children's conservator in January 2017.

In March 2017, Hall filed a separate wrongful death action in the State Court of Gwinnett County on behalf of the children. Also in March 2017, Hall filed a "Notice to Court of Improper Plaintiff and Counsel and Request for Dismissal Without Prejudice" in the Superior Court of Thomas County case, wherein he (1) argued that the guardian ad litem was an improper plaintiff, (2) withdrew Williams's request to allow the appointed conservator to substitute or intervene on behalf of the minor children, stating that "Hall and his attorneys [had] no intention of appearing in or pursuing this case in this Court, and they [made] this filing only as a special appearance and not as a party," and (3) requested the court to dismiss the case without

3

prejudice. At a hearing in November 2017, counsel for Hall affirmed that the request to intervene and/or be substituted had been withdrawn.

After the hearing, the Superior Court of Thomas County entered an order in December 2017 denying Hall's notice of improper plaintiff and counsel, as well as his request for dismissal without prejudice and motion to vacate the guardian ad litem appointment. The court's order noted that Hall's motion to intervene or substitute had been withdrawn, and it found that Hill was an appropriate party to bring the case as the minor children's guardian ad litem. In a separate order, the Superior Court of Thomas County consolidated the Thomas County and Gwinnett County wrongful death actions and joined Hall as a plaintiff in the Thomas County case.

In February 2018, Hall filed another motion to remove the guardian ad litem as a plaintiff, which the trial court denied. In February 2020, Hall filed a voluntary dismissal of the State Court of Gwinnett County case in the consolidated Thomas County action, and about an hour later filed a renewal suit in the State Court of Gwinnett County.[1] Hall then filed a complaint in the Superior Court of Gwinnett County seeking to enjoin the guardian ad litem and the defendants in both cases from interfering with his pursuit of a wrongful death claim on behalf of the minor children.

---

[1] Hall represents that this case remains pending.

4

The Superior Court of Gwinnett County denied Hall's request for injunctive relief and dismissed the case in April 2020.

In August 2020, the Superior Court of Thomas County entered three orders: (1) an order striking Hall's dismissal of the State Court of Gwinnett County action, which had been consolidated with the Superior Court of Thomas County action, (2) an order removing Hall as a plaintiff from the Thomas County case and enjoining him from further filings, and (3) an order denying Hall's cross-motion seeking to drop the guardian ad litem as a plaintiff and enjoin her from additional filings. These appeals followed.

*Case No. A21A0623*

1. In several related enumerations of error, Hall argues that as conservator of the minor children and administrator of the decedent's estate, he alone had the right to assert wrongful death claims.[2] We agree with Hall's contention that a conservator, upon appointment, has the exclusive power to assert wrongful death claims on behalf of minor children, but we disagree with Hall's contention that he took the steps necessary to exercise this power.

---

[2] For convenience of discussion, we are addressing the cases out of order and have taken the enumerated errors out of the order in which Hall has listed them. *Steedley v. Gilbreth*, 352 Ga. App. 179, 181 (1) n.1 (834 SE2d 301) (2019).

5

(a) Hall first argues that a conservator has the exclusive right to pursue claims for the minors and that this right takes precedence over a guardian ad litem or next friend's earlier initiated suit.

OCGA § 9-11-17 (c) provides:

Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may bring or defend an action on behalf of the infant or incompetent person. *If an infant or incompetent person does not have a duly appointed representative, he or she may bring an action by his or her next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person. . . .*

(Emphasis supplied.) Because there was no conservator when the litigation began, the next friend, subsequently appointed as the guardian ad litem, was the proper person to bring this suit on behalf of the minor children. See *In the Interest of W. L. H.*, 314 Ga. App. 185, 186 (723 SE2d 478) (2012) ("In civil actions, a minor may not prosecute an action except by way of a representative, such as a guardian ad litem or next friend."). But OCGA § 29-3-22 (a) states:

Without court order, the appointment of a conservator *shall vest in the conservator the exclusive power* to:

6

. . .

(6) Bring, defend, or participate in legal, equitable, or administrative proceedings, including alternative dispute resolution, as are appropriate for the support, care, education, health, or welfare of the minor in the name of or on behalf of the minor[.]

(Emphasis supplied.) We thus must determine the meaning of "exclusive power" under OCGA § 29-3-22 (a) and whether such power overrides a guardian ad litem's properly initiated lawsuit.

When interpreting a statute, we necessarily begin our analysis with familiar and binding canons of construction.

When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

We must also seek to avoid a construction that makes some language mere surplusage. Further, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly. If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.

7

*Moosa Co., LLC v. Commr. of Ga. Dept. of Revenue*, 353 Ga. App. 429, 430-431 (838 SE2d 108) (2020) (citations and punctuation omitted).

With this framework in mind, we turn to the statute's text. OCGA 29-3-22 (a) (6) gives the conservator, upon appointment, the "exclusive power to [b]ring, defend, or participate in legal . . . proceedings . . . in the name of or on behalf of the minor[.]" When construing a similar statute, this Court has held that to "participate" means "to take part." *CL SNF, LLC v. Fountain*, 355 Ga. App. 176, 183 (1) (843 SE2d 605) (2020). And "exclusive power" is defined as "[a] power held by only one person or authoritative body." Black's Law Dictionary (11th ed. 2019). Accordingly, the language of this statute is clear and unambiguous: after being appointed, the conservator alone has the power to bring, defend, or participate in an action on behalf of the minor. But the question remains: how does the conservator exercise this power if a case on behalf of the minor has been properly initiated before the conservator is appointed?

Although Hall argues that "[b]ecause the right of the conservator is exclusive," the guardian ad litem must step aside when a conservator is appointed, we note that the traditional mechanisms for non-parties to participate in lawsuits are through intervention, interpleader, and substitution. *Andrews v. Ford Motor Co.*, 310 Ga. App.

8

449, 453 (3) (713 SE2d 474) (2011) ("We have defined intervention as the procedure by which a third person, not originally a party to a suit, but claiming an interest in the subject matter, comes into the case, in order to protect his right or interpose his claim.") (citation and punctuation omitted); *Memar v. Styblo*, 293 Ga. App. 528, 531 (667 SE2d 388) (2008) (the effect of substituting the real party in interest in the litigation under OCGA § 9-11-17 (a) is that the substituted party brings the same cause of action against the same defendant); OCGA § 9-11-20 (a) (all persons may join "if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action"); OCGA § 23-3-92 ("[if], in the progress of any proceeding in equity, the court perceives the necessity for parties to interplead, it may order such interpleader as collateral and ancillary to the main case").

Here, however, Hall withdrew any motion to intervene in the Superior Court of Thomas County lawsuit and requested the court to dismiss the case without prejudice, expressly stating that he had "no intention of appearing in or pursuing [the] case in this Court, and . . . ma[d]e this filing only as a special appearance and not as a party." Thus, Hall's actions in the lawsuit were contrary to exercising his "exclusive

9

power" to "participate in" the existing litigation, and he "will not be heard to complain of error induced by [his] own conduct, nor to complain of errors expressly invited by him." See *Mary Allen Realty & Mgmt., LLC v. Harris*, 354 Ga. App. 858, 862 (1) (841 SE2d 748) (2020) (citation and punctuation omitted). We are not persuaded by Hall's argument that there is a "statutory right rooted in ancient common law" allowing him to immediately take the place of the guardian ad litem without using one of the established mechanisms for a non-party to participate in or join an already existing lawsuit, and we disagree with his contention that the cases he cites for this contention are impossible to distinguish from his own.[3] Thus, although

[3] Hall has cited many cases in his appellate brief for this proposition; however, they are clearly distinguishable from the instant case. See *Muse v. Treadaway*, 254 Ga. App. 166, 167 (1) (561 SE2d 481) (2002) (no code provision grants the guardian of the person of an adult ward the authority to file a lawsuit on behalf of the ward's property interests); *Tucker v. American Sur. Co.*, 78 Ga. App. 327, 331-332 (2) (50 SE2d 859) (1948) (a party could not maintain an action in her own name or by next friend when her previously appointed guardian was not removed); *Parrish v. Rigell*, 183 Ga. 218, 223 (1), 226 (2) (188 SE 15) (1936) (recognizing in dicta the preferred right of a legal guardian to act as the representative of one not sui juris); *Ga. R. Bank & Trust Co. v. Liberty Nat. Bank & Trust Co.*, 180 Ga. 4, 11 (177 SE 803) (1934) (a guardian ad litem and a legal guardian cannot both maintain the same lawsuit on behalf of the same ward); *Nance v. Stockburger*, 112 Ga. 90, 91-92 (37 SE 125) (1900) (where the law did not authorize a person to voluntarily institute a suit as next friend for "an imbecile or lunatic[,]" when the property of that person was being wasted or had been seized by others wrongfully, the ordinary had a duty to appoint a guardian for the person); *Reese v. Reese*, 89 Ga. 645, 651-652 (15 SE 846) (1892) (holding that there was no statute preventing a "lunatic" without a legal guardian to

Hall had the exclusive power to participate in the wrongful death action pending in the Superior Court of Thomas County, he expressly declined to exercise that right. So, any error on the part of the trial court in interfering with Hall's exclusive power as conservator to proceed on behalf of the minor children was self-induced by Hall and provides no ground for reversal. Id.

(b) Hall also argues that OCGA § 51-1-9 provides him a basis to assert claims on behalf of the minor children. We disagree. OCGA § 51-1-9 states "[e]very person may recover for torts committed to himself, his wife, his child, his ward, or his servant." But, here, Hall cannot rely on OCGA § 51-1-9 because the alleged tort forming the basis for the wrongful death action is not the death of his wards (here, the minor children), but rather, Jones. See *deVente v. Flora*, 300 Ga. App. 10, 13 (684 SE2d 91) (2009) ("the nature of a wrongful death action is derivative of the decedent's right of action").

(c) Hall also argues that because he serves as the administrator of the decedent's estate, he alone had standing to assert claims for the estate. Generally,

---

sue by next friend until his mental status is adjudicated and a legal guardian appointed as provided under the statute setting forth the procedures for appointment of a guardian for such people).

11

the right of action for the recovery of personal property for the benefit of an estate vests exclusively in the administrator of the estate, and not in its beneficiaries. This general rule is subject to the equitable exception that an heir may sue in his own name where he can show that, by reason of insolvency, fraud, collusion or other special circumstances, the administrator is unwilling to bring the suit.

*Peden v. Peden*, 293 Ga. App. 483, 483-484 (667 SE2d 650) (2008) (citations omitted). And,

[a]n individual's claim for wrongful death of a spouse or child and an estate's claim for a decedent's pain and suffering are distinct causes of action. The disbursement of proceeds from such actions is in keeping with this rule: While damages recovered by the personal representative for pain and suffering are paid directly to the estate, the proceeds of a wrongful death action do not become part of the decedent's estate.

*MARTA v. Maloof*, 304 Ga. App. 824, 826 (698 SE2d 1) (2010) (citations omitted).

Here, while Hall is correct that, generally, claims on behalf of the estate rest with the administrator, the trial court did not rule that Hall could not assert claims on behalf of the estate. It is "well established that this Court is for the correction of errors of law, and when the trial court has not ruled on an issue, we will not address it." *Findley v. City of Atlanta*, 345 Ga. App. 649, 652 (2) (814 SE2d 781) (2018) (citation and punctuation omitted).

2. Hall next argues that the Superior Court of Thomas County erred in denying his request to vacate its order appointing Hill as guardian ad litem. Specifically, Hall contends that Hill was not suitable to serve as guardian ad litem because: (1) Hill pleaded guilty to theft by taking under the first offender statute in 2011, (2) Hill failed to inform the probate court that the biological father of one of the children objected to her appointment, requested Hall's appointment, and requested that the lawsuit not proceed until issues of custody, guardianship, and conservatorship were resolved, and (3) Hall, as conservator, had the exclusive right to represent the children in this matter.[4] We disagree.

A lower court's decision not to remove a guardian ad litem is reviewed for an abuse of discretion. *Murphy v. Murphy*, 328 Ga. App. 767, 772 (3) (759 SE2d 909) (2014).

The Superior Court of Thomas County found that

Margaret Hill, the maternal grandmother of both children, was the only blood relative that legally had standing to petition the Court at the time the guardian ad litem was appointed. When the guardian ad litem order was signed neither minor child had been legitimated. In fact, Maurice Williams Sr. did not legitimate [MW], year of birth 2011, until late

---

[4] This argument was addressed in Division 1 and will not be reexamined here.

13

2016. Further, [KR] remains unlegitimated and the identity and whereabouts of his biological father are still unknown. Therefore, Margaret Hill, is the proper party to bring the suit on behalf of both minor children as a guardian ad litem.

Further, [Hall] argues that [Hill] is not the proper party to bring the suit on behalf of the children because she is currently on felony probation which should make her unsuitable to act as a Guardian Ad Litem. However, this information is incorrect. [Hill] is currently on first offender probation and thus has not been adjudicated guilty of a felony. Therefore, according to Georgia law, she does not have a felony on her record and the Court cannot consider such.

Because Hall has not shown that Hill was not qualified to serve as guardian ad litem, and the Superior Court of Thomas County concluded that she was capable of fulfilling that role after hearing all of Hall's arguments, we find no abuse of discretion in the trial court's refusal to remove Hill as guardian ad litem. *Murphy*, 328 Ga. App. at 772-773 (3) (affirming trial court's denial of motion to disqualify guardian ad litem and finding that the trial court's decision was within its discretion where the movant "pointed to no authority . . . that the trial court erred" by denying the motion to disqualify).

14

3. Hall argues that the Superior Court of Thomas County erred in joining him as a plaintiff and in consolidating the wrongful death cases. We disagree.

OCGA § 9-11-42 (a) provides:

When actions involving a common question of law or fact are pending before the court, if the parties consent, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs and delay.

Generally, all parties must consent to the consolidation of separate actions. See *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226, 229 (2) (476 SE2d 565) (1996) ("[T]his court has consistently held that the parties must consent before a trial court may consolidate or join related actions for trial."); *Ga. Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011) ("OCGA § 9-11-42 (a) . . . requires the consent of *all* parties before any consolidation of actions can be effectuated.") (emphasis in original). However, our Supreme Court held in *Stenger v. Grimes*, 260 Ga. 838, 838-839 (1) (400 SE2d 318) (1991) (emphasis in original), that joinder and consolidation is mandated "on the defendant's motion, of all claims which derive from personal injuries sustained by a *single* individual," which includes wrongful

15

death actions brought by the decedent's survivors (such as the minor children in this case) and actions brought on behalf of the decedent's estate by the executor (such as the administrator in this case). The Supreme Court based its ruling in *Stenger* on its prior ruling in *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982), where the defendant was sued in separate actions for personal injuries and loss of consortium based on those same personal injuries. The Supreme Court stated in *Stenger* that "[a]s in *Stapleton*, the claims brought against Stenger are separate, but arise from the same occurrence," subjecting Stenger to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the two claims made against him." *Stenger*, 260 Ga. at 839 (1) (citation and punctuation omitted).

The rule announced in *Stapleton* and extended in *Stenger* likewise applies in this case and requires, on the defendants' motion, the joinder and consolidation of the wrongful death action brought by the minor children with the action brought on behalf of the decedent's estate by the administrator, Hall. Accordingly, we affirm the Superior Court of Thomas County's order joining Hall as a necessary party and consolidating these cases.[5]

---

[5] Pretermitting the propriety of the Superior Court of Thomas County's action in ordering the Thomas County and Gwinnett County cases consolidated after the State Court of Gwinnett County denied a motion to transfer venue to Thomas County,

16

4. Hall also argues that the trial court erred by striking his voluntary dismissal of the State Court of Gwinnett County wrongful death action, which had been moved to Thomas County. We disagree. As stated in Division 3, the trial court properly consolidated the cases to prevent the possibility of inconsistent verdicts. *Stenger*, 260 Ga. at 838-839 (1). In *Coker v. Casey*, 178 Ga. App. 682, 684 (7) (344 SE2d 662) (1986), this Court reversed the trial court's "allowance" of a plaintiff's voluntary dismissal of his loss of consortium action that had been joined with his wife's separate personal injury case under the rule set forth in *Stapleton*. We held that a party's attempted voluntary dismissal of a case that was joined as mandatory under *Stapleton* "would, of course, render nugatory the holding in *Stapleton* and defeat its underlying concern for eliminating the need for the same accident case to be tried twice, with possibly different results." Id.

Here, like the plaintiff who attempted to voluntarily dismiss his loss of consortium action in *Coker*, allowing Hall to voluntarily dismiss his action on behalf

that issue is not before us on appeal. We, therefore, have not addressed or decided that issue. This Court is a court for the correction of errors, and we do not address any issues that might be lurking in the record but were not specifically ruled on below and are not supported in the brief by argument and citation to authority. *Morman-Johnson v. Hathaway*, 312 Ga. App. 300, 301 (1) (718 SE2d 132) (2011); *Collins v. Newman*, 237 Ga. App. 861, 862 (1) (517 SE2d 100) (1999).

of the estate would render the rule set forth in *Stapleton* and *Stenger* nugatory and defeat its underlying concern for eliminating the need for the same accident case to be tried twice, with possibly different results. Thus, the trial court did not err by striking Hall's voluntary dismissal.

However, the trial court erred in dismissing Hall as a party to this case because, as the administrator of the estate of the decedent, he was the proper party to bring claims on behalf of the decedent's estate. See *Stenger*, 260 Ga. at 838-839 (1). Accordingly, we reverse the trial court's order dismissing Hall as a party to the case and enjoining him from further filings, as he was a proper party to assert claims on behalf of the decedent's estate.

*Case No. A21A0111*

5. After voluntarily dismissing his wrongful death action originally filed in the State Court of Gwinnett County, Hall filed a renewal action in the same court. He also sought an injunction in the Superior Court of Gwinnett County against the guardian ad litem and others, seeking to prevent them from interfering with his complete control of the litigation. Hall asserts that the Superior Court of Gwinnett County erred by dismissing this case and denying his request for injunctive relief. We disagree.

18

"This court will not interfere with a trial court's decision to grant or refuse injunctive relief in the absence of a manifest abuse of discretion." *Evans v. Knott*, 282 Ga. 584, 585 (652 SE2d 535) (2007).

As set forth above in Division 1 of Case No. A21A0623, although Hall had the exclusive power to assert claims on behalf of the minor children, he forfeited this power by failing to use one of the established mechanisms for a non-party to participate in or join the case already filed by the guardian ad litem. Then, Hall refiled his State Court of Gwinnett County suit and sought the same relief that had previously been denied in Thomas County. Specifically, in this request for injunctive relief, Hall sought, inter alia, for the Superior Court of Gwinnett County to enjoin the guardian ad litem "from pursuing the claims and her case in the [Superior Court of Thomas County] for the wrongful death of the minors' mother," and to enjoin her from "interfering in any way with [his] pursuit of the wrongful death and survival claims for the minors' and their mother's estate." Hall tried to evade the Superior Court of Thomas County's orders, but because he had an adequate remedy at law to appeal the decision of the Superior Court of Thomas County, he could not collaterally attack that court's ruling through an injunction. See *Merchant Law Firm, P.C. v. Emerson*, 301 Ga. 609, 615 (2) (a) (800 SE2d 557) (2017) (a party is not entitled to

injunctive relief to obtain what they were denied in another case where they did not appeal the adverse ruling). Thus, Hall has not shown that the trial court abused its discretion in dismissing this case and denying his request for relief. See *Holmes v. Bd. of Commrs.*, 271 Ga. 206, 206 (517 SE2d 788) (1999) (injunction prohibited where appeal serves as adequate remedy).

*Judgment affirmed in Case No. A21A0111. Judgment affirmed in part and reversed in part in Case No. A21A0623. Rickman, P. J., and Brown, J., concur.*